## Oil City Building & Loan Association v. Shanfelter.

*Municipal lien—Execution—Distribution—Judgment—Priority of liens—
Act of June 4, 1901, P. L. 364.*

Where upon the distribution of the proceeds of a sheriff's sale of real
estate, it appears that the liens on the property in order of time were (1) a
mortgage; (2) a judgment; (3) a municipal lien for a sewer which had ac-
crued prior to the Act of June 4, 1901, P. L. 364, and (4) a municipal lien
for paving which had accrued after the act of June 4, 1901, and it also
appears that the fund was sufficient to pay the mortgage and the sewer
lien, but not both of the others, the judgment will have a preference as to
the balance over the paving lien which had accrued after the act of June 4,
1901.   Martin v. Greenwood, 27 Pa. Superior Ct, 245, followed.

Argued May 15, 1905.   Appeal, No. 127, April T., 1905,
by the city of Oil City, from order of C. P. Venango Co.,
Aug. T., 1903, No. 60, distributing proceeds of sheriff's sale
in case of Oil City Building & Loan Assn. v. Elizabeth Shan-
felter.   Before BEAVER, ORLADY, PORTER, MORRISON and
HENDERSON, JJ.   Affirmed.

Rule to show cause why order should not be made by the
sheriff to apply proceeds of sale to municipal liens.   Before
CRISWELL, P. J.

The facts are stated in the opinion of the Superior Court.

. *Error assigned* was the order of the court.

*Peter M. Speer,* city solicitor, with him *Isaac Ash* and *F.
W. Hays,* for appellant.—In Pennsylvania the rule is that a
judicial sale of real estate on any lien divests all other liens,

whether anterior or posterior, to that on which the sale takes place, and the exceptions to the rule consists of a few cases in which the liens are preserved by statutory enactment or by judicial decisions : Willard v. Norris, 2 Rawle, 56 ; Presbyterian Corporation v. Wallace, 3 Rawle, 109 ; Keen v. Swaine, 3 Yeates, 561 ; Mode's Appeal, 6 W. & S. 280 ; Stewartson v. Watts, 8 Watts, 392 ; Stackpole v. Glassford, 16 S. & R. 163 ; Girard Life Insurance, etc., Co. v. Farmers', etc., Nat. Bank, 57 Pa. 388.

The lien of taxes and municipal claims for paving, sewerage, etc., are subject to this general rule that a judicial sale divests all liens, except in cases where such liens are preserved by statutory enactment : Eaton's App., 83 Pa. 152 ; Pittsburg's App., 70 Pa. 142 ; Tassey's Est., 41 Pa. 60.

In the present case it is our contention that all the liens are divested.

Section 32 of the act of 1901 clearly provides that a judicial sale shall not discharge the lien of a tax or municipal claim, except to the extent that the proceeds realized are sufficient for its payment after paying the costs and expenses of the sale, and except that when a sale is had on a tax or municipal claim such tax or claim is divested, no matter how little is realized.

In the case in hand, however, the proceeds are sufficient, and consequently we contend the lien becomes divested and we must look to the proceeds for its payment.

*Edmond V. Breene*, with him *William J. Breene*, for appellee.—A municipal assessment creates no lien independently of a statute : McGauley v. Opie, Brightly's Digest, 4390.

The cases cited by the learned counsel for the appellant are not controlling in this issue, for the reason that the language used in the particular acts upon which those cases were determined was clear and expressive of the legislative intent.

OPINION BY MORRISON, J., October 17, 1905 :

This is an appeal from the decree of the court below distributing the proceeds of the sale of real estate upon a judgment obtained on a mortgage in favor of the plaintiff, dated April 9, 1897, recorded April 13, 1897. The next lien in order upon the land so sold was a judgment in favor of P. Egan &

Company, entered October 20, 1900, and it was a subsisting lien at the time of the sale. The next was a municipal lien for a sewer assessment in favor of the appellant, entered April 3, 1901, and this lien accrued prior to the general tax and municipal lien act, approved June 4, 1901. The next was a municipal lien for a paving assessment, in favor of the appellant, which accrued after June 4, 1901, and was entered May 23, 1902.

From the opinion of the court below and the exceptions taken to the decree by the learned solicitor for the appellant, it would seem that the real contest was between the claimant under the Eagan & Company judgment and the appellant's lien last referred to. The proceeds of the sale were sufficient to pay the mortgage in full, the municipal lien entered April 3, 1901, and either the Egan & Company judgment or the other municipal lien. But there was not money enough to pay all of the claims. The exception taken by the appellant was : " to so much of the order and decree of the court as directs the payment of any part of the moneys in the hands of the sheriff to the judgment of P. Eagan & Company, until the said municipal liens are fully paid, with interest and costs." The assignments of error, however, raise the question that the court erred in not applying the funds in the hands of the sheriff to the payment of the municipal lien of the appellant, filed May 23, 1902. And also generally except to the decree of the court.

The appeal, therefore, raises in principle the precise question decided by this court in Martin v. Greenwood, 27 Pa. Superior Ct. 245, decided January 17, 1905. The argument can, therefore, be considered as a reargument of the questions determined in that case.

The able argument of the learned solicitor of the appellant has induced us to reëxamine, with care, the questions raised and decided in Martin v. Greenwood. But we are not convinced that they were not correctly decided. If we adhere to the doctrine of that case, it disposes of the present appeal and requires the affirmance of the decree of the court below.

The forty-first section of the Act of June 4, 1901, P. L. 364, reads : " This act shall apply only to claims wherein the right to file a lien ——— after the date of its approval ; but the

rights of other claimants, under existing laws, shall remain unaffected by its passage, and all claims properly filed thereunder are hereby validated." In this section it is apparent that a word was omitted in transcribing the act between the words " lien " and " after " in the second line. We presume the blank ought to be filled by inserting the word " accrued."

In Martin v. Greenwood the municipal lien in question accrued and was filed after June 4, 1901, and, therefore, what was there said in regard to the act of June 4, 1901, repealing all other general, local and special acts in regard to tax and municipal liens, referred to such liens accruing after June 4, 1901. We did not there decide that prior acts were repealed as to liens accruing before June 4, 1901.

In the case under consideration the learned court below reached the conclusion that the mortgage and the Eagan & Company judgment should be first paid out of the proceeds of the sale of the real estate bound by the mortgage entered April 13, 1897, in preference to the lien which did not accrue and was not entered until after June 4, 1901, the date of the general act " providing when, how and upon what property and to what extent liens shall be allowed for taxes and for municipal improvements," etc. This conclusion is strictly in harmony with Martin v. Greenwood, 27 Pa. Superior Ct. 245 although that case had not then been decided. As to the appellant's municipal paving lien which accrued and was entered after June 4, 1901, it cannot be doubted that it is controlled by the act of June 4, 1901, because the express terms of sec. 41 of that act repeals all other legislation as to such liens. The learned counsel for the appellant seeks to raise the question whether the sale on the judgment upon the mortgage, in the present case, divested the municipal paving lien entered May 23, 1902. But we do not see that this question is material or necessary to be decided in this case. We may say, however, that whether divested or not, does not change our opinion that the money in question was properly applied to the payment of the Eagan & Company judgment; this for the reasons given in Martin v. Greenwood, 27 Pa. Superior Ct. 245. And the additional reason is suggested that sec. 2 of the act of June 4, 1901, makes taxes a first lien, while sec. 3 of the same act, which provides for municipal paving, sewer,

etc., liens, does not say that they shall be first liens. The language is : " shall be and they are hereby declared to be a lien on said property . . . . and be fully paid and satisfied out of the proceeds of any judicial sale of said property before any other obligation, judgment, claim, lien or estate with which the said property may become charged or for which it may become liable," etc.

We do not decide that there is a legal difference between the tax and municipal liens on account of the difference of the language of sections 2 and 3. But it is suggested that there is room for argument that the municipal sewer and paving liens do not stand precisely on the same ground as tax liens.

The learned court below declined to decide whether the appellant's unpaid paving lien was divested by the sale upon the mortgage, but the opinion cites Bryan's Appeal, 101 Pa. 389–393, and contains some quite persuasive reasoning that the lien was not divested. We decline, in the present case, to decide this question preferring to leave it open until a case is presented requiring a decision. Upon careful consideration, we are not persuaded to overrule or qualify the case of Martin v. Greenwood.

The assignments of error are dismissed and the decree is affirmed at the costs of the appellant.