## Gibbons v. Cochran.

*Municipal lien—Mortgage—Execution—Distribution—Priority of liens*
*—Act of June 4, 1901, P. L. 364.*

Where property is sold in 1905, under a mortgage executed in 1890, the proceeds of the sale should be applied to the mortgage in preference to taxes and municipal liens which had accrued after the passage of the Act of June 4, 1901, P. L. 364.

Submitted Nov. 9, 1906. Appeals, Nos. 226 and 229, Oct. Term, 1906, by the City of Chester and School District of the City of Chester, from orders of C. P. Del. Co., March T., 1905, No. 108, distributing proceeds of sheriff's sale in case of Lydia Gibbons et al. v. I. Engle Cochran, Jr., et al. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Distribution of fund raised by sheriff's sale.

From the record it appeared that the sale was made on June 24, 1905, under a mortgage dated January 16, 1890. There was a sewer lien and tax liens which had accrued against the property subsequent to the Act of June 4, 1901;

186      GIBBONS *v.* COCHRAN.

Statement of Facts—Opinion of the Court. [32 Pa. Superior Ct.

P. L. 364.   The court awarded the fund to the mortgagee in preference to the tax and municipal liens.

*Error assigned* was the order of the court.

*George M. Booth* and *A. A. Cochran*, for appellants.

*Jos. H. Hinkson*, for appellee.

PER CURIAM, December 10, 1906:

The question raised upon these appeals has been considered and passed upon in Martin v. Greenwood, 27 Pa. Superior Ct. 245, Caner v. Bergner, 27 Pa. Superior Ct. 220, Oil City Building & Loan Association v. Shanfelter, 29 Pa. Superior Ct. 251, and as we remarked in the recent cases of Haspel v. O'Brien and Haspel v. Robinson, wherein we reconsidered the question, no useful purpose would be served by a further discussion of it by us.

The decree of distribution is affirmed, the costs of each of the above-mentioned appeals to be paid by the appellant therein.