## Caner *v.* Bergner.

*Taxation—Mortgage—Township—Act of June 4, 1901, P. L. 364.*

A claim for taxes assessed and levied by a township subsequent to the passage of the Act of June 4, 1901, P. L. 364, has no priority over a mortgage executed and recorded prior to the passage of the act, in the distribution of the proceeds of sale of real estate on levari facias.

Argued Dec. 6, 1904. Appeal, No. 53, Oct. T., 1904, by Whitemarsh Township, from order of C. P. Montgomery Co., Oct. T., 1903, No. 145, dismissing exceptions to sheriff's distribution of proceeds of sale of real estate in case of Harrison K. Caner v. Charles William Bergner et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to sheriff's distribution.
The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Irvin P. Knipe,* with him *Irving P. Wanger,* for appellant. The legislature had the power to make the tax a lien, and to give that lien precedence over all liens and incumbrances

existing prior to the passage of the law: Gormley's App., 27 Pa. 49; Kirby v. Shaw, 19 Pa. 258; Sharpless v. Philadelphia, 21 Pa. 147; Speer v. School Directors, 50 Pa. 150; Weister v. Hade, 52 Pa. 474.

The legislative intent was to make tax liens prior to all others, even those existing before the passage of the act: Com. v. Fraim, 16 Pa. 163; Big Black Creek Imp. Co. v. Com., 94 Pa. 450; Phila. v. Ridge Ave. Pass. Ry. Co., 102 Pa. 190; Duffy v. Phila., 42 Pa. 192; Delaney v. Gault, 30 Pa. 63; Berks Co. v. Bertolet, 13 Pa. 522; Saving Fund v. Yard, 9 Pa. 359; Eaton's App., 83 Pa. 152.

The state's provision for collection of public taxes cannot be deemed to " impair the obligation of contracts " between private individuals: Gormley's App., 27 Pa. 49.

*Carlyle H. Ross,* with him *E. G. Hamersly* and *Townsend, Elliott & Townsend,* for appellee.—The legislature did not have the power to make the tax a lien, and to give that lien precedence over all liens and incumbrances existing prior to the passage of the law: White v. Crawford, 84 Pa. 433; Calder v. Bull, 3 Dallas, 386; Taylor v. Mitchell, 57 Pa. 209; Ihmsen v. Navigation Co., 32 Pa. 153.

The legislature manifested no intent to give such preference by the Act of June 4, 1901, P. L. 364: Ihmsen v. Monongahela Nav. Co., 32 Pa. 153; Brigg's App., 1 Walker, 199; Pittsburg's App., 40 Pa. 455; Gourley v. Thompson, 27 Pa. C. C. Rep. 104; Blanchard v. Logan County, 89 N. W. Repr. 376; Lobban v. State, 64 Pacific Repr. 82; Lukens v. Katz, 19 Mont. Law Rep. 46.

The obligation of contracts would be impaired by giving such liens priority of distribution over mortgages antedating the act.

OPINION BY MORRISON, J., January 17, 1905:

This was a contest between a mortgagee whose mortgage was executed and recorded prior to the Act of June 4, 1901, P. L. 364, and claims for taxes assessed and levied subsequent to the passage of said act. The learned court below refused to give said taxes priority over the mortgage and from this decision the defendants appealed.

The counsel for the appellant states the question involved thus : " Does the Act of June 4, 1901, P. L. 364, give subsequently assessed taxes priority over mortgages recorded before that act, in distribution of proceeds of sale of real estate on levari facias ? " The learned court determined this question in favor of the mortgagee, and in this decision he is in harmony with Judge WEAND in Lukens v. Katz, 27 Pa. C. C. Rep. 596, and with our opinion and decision this day filed in No. 185, October T., 1904, Martin v. Greenwood, post, p. 245. While the latter case is on a municipal lien it does not differ in principle from the present case, and what has been said in that case may be considered as applying to the present one.

See section 2, Act of June 4, 1901, P. L. 364.

We therefore dismiss the assignments of error and affirm the decree of the court below at the costs of the appellant.

PORTER, J., dissents.