City of Philadelphia To Use *v.* Leverington
Cemetery Company.
Appeal of Jessie E. Jones.

Argued December 14, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Paul Reilly,* for appellant.

*Alexander Solo,* for appellee.

OPINION BY CUNNINGHAM, J., March 5, 1932:

The single question involved in this appeal is whether the court below erred in discharging appellant's rule upon the use plaintiff to show cause why she should not be permitted to intervene as a party defendant in certain scire facias proceedings pending in that court.

During the spring and summer of 1930 the City of Philadelphia built a sewer in Conarroe Street; on January 19, 1931, it filed a municipal claim to the use of Allan J. Henderson, the contractor, against Leverington Cemetery Company, as registered owner, for an assessment at the rate of $4 per front foot for an alleged frontage of 777 feet.

Leverington Cemetery Company was incorporated by a special act of assembly approved May 13, 1857, P. L. (of 1859) 788, under which the incorporators were authorized to "purchase" and lay out a cemetery, not exceeding thirty acres in extent, and "to sell and dispose of the same." Section 6 of the act reads: "That every lot in the said cemetery shall be held by the proprietor for the purpose of sepulture, transferable only with the consent of the president and managers thereof, and shall not be subject to attachment or execution: Provided, That the exemption from attachment or execution shall not extend to more than four lots held or owned by any one person in the said cemetery."

Jessie E. Jones, appellant herein, is the secretary of the cemetery company and, in her official capacity, executed and filed on February 7, 1931, its affidavit of

defense to the scire facias issued upon the municipal claim. The claim was amended several times by leave of court and on March 25, 1931, a rule was taken for judgment for want of a sufficient affidavit of defense. Before any disposition had been made of this rule leave was granted; the cemetery company to file a supplemental affidavit of defense to the claim as amended. On May 8th appellant filed, individually, her petition setting forth that prior to 1923 she acquired the burial rights in a lot in the cemetery, and that for herself, as well as in behalf of other lot owners and owners of burial rights, she desired to intervene as a party defendant for the purpose of making a defense against the claim. Her grounds for such intervention were, in effect, the above quoted exemption from attachment or execution, an alleged lack of funds upon the part of the cemetery company to contest the lien, her fear that the rights of the lot owners would not be fully protected unless she appeared and defended, and her desire to question the regularity of the proceedings and the constitutionality, as applied to the facts of this case, of the Act of May 16, 1923, P. L. 207, and its amendment of May 4, 1927, P. L. 733, regulating the procedure on tax and municipal claims, etc. The rule was discharged and the petition dismissed in an opinion by FERGUSON, P. J., in which he said: "The petition cannot be granted. No legal reason has been advanced to justify the court in allowing it. Any rights which petitioner may have under the charter of the cemetery company must be asserted in proceedings against that company, and the record shows that the cemetery company is actively defending the scire facias."

An examination of the supplemental affidavit of defense, executed and filed on behalf of the corporation by its president and certified as part of the record, discloses that it contains forty paragraphs in which the right to file the claim and the regularity of the pro-

ceedings are questioned upon many different grounds. It is averred therein that the property is rural and not urban and is "not used or held for private or corporate profit." The constitutionality of the Act of 1923, supra, and its amendments of 1927 is attacked upon several grounds. The company further states that it has sold about ninety per cent. of the land to a large number of owners whose names it is ready and willing to disclose to the plaintiff and that these lots are exempt in the hands of their owners from attachment or execution.

The argument in the brief for appellant has taken a wide range but much of it is premature. Referring to a similar exemption of cemetery lots from execution, contained in an incorporating act, our Supreme Court said in Harrisburg v. Cemetery Assn., 293 Pa. 390: "If plaintiff hereafter issues execution against those which have been conveyed for the purpose stated [sepulture], the owners thereof have ample remedies to protect their property rights." The language of section 12 of the Act of 1923, supra, upon which appellant relies, is that "any person having an interest in the property ...... may, ...... by leave of court, intervene as a party defendant," etc. In our opinion, the learned president judge of the court below was, under the circumstances of this case, fully justified in refusing appellant permission to intervene.

The order is affirmed.