## Huester, Collector of Taxes, Appellant, *v.* Lackawanna County.

Argued April 20, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*A. A. Vosburg,* with him *A. A. Rosenberg,* for appellant.—In doubtful cases, a word or a phrase must be so construed as to be in accord with the general intent or meaning of the act: Schott v. Harvey, 105 Pa. 222.

The legislature must be presumed to enact legislation in the light of existing laws, and with knowledge of the same: Davidson v. Bright, 267 Pa. 580; Crawford v. Boro., 7 Pa. Dist. 176; Craig v. Church, 88 Pa. 42.

It is the presumption that the legislature intended that the entire statute should be effective and certain, and it should be so construed as to carry out this purpose: Quinn v. Assn., 100 Pa. 382; Pennsylvania Training School v. Ins. Co., 127 Pa. 559.

*H. L. Taylor,* with him *H. L. Taylor, Jr.,* for appellee. —The County of Lackawanna is not liable for the payment of the costs of giving notice by newspaper advertisements of delinquent taxes for the City of Scranton for the year 1930 incurred by the collector of taxes elected under the Act of May 8, 1929, P. L. 1643: United States v. Fisher, 6 U. S. 358; United States v. Lexington Mills & Elevator Co., 232 U. S. 399; Dame's App., 62 Pa. 417; United States v. Goldenberg, 168 U. S. 95; United States v. Chase, 135 U. S. 255.

Where any particular word is obscure or of doubtful meaning taken by itself its obscurity or doubt may be removed by reference to associated words: Schenley's App., 70 Pa. 98; Neal v. Clark, 95 U. S. 704; Monongahela Bridge Co. v. Ry., 114 Pa. 478; Bucher v. Com., 103 Pa. 528; United States v. Bevans, 3 Wheaton (16 U. S.) 336.

Statutes in pari materia should be construed together: Com. v. Giltinan, 64 Pa. 100; Russ v. Com., 210 Pa. 544, 60 Atlantic Rep. 169; White v. Meadville, 177 Pa. 643; United States v. Alexander, 79 U. S. 177.

OPINION BY MR. CHIEF JUSTICE FRAZER, May 26, 1932:

This purports to be a proceeding brought under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, to ascertain whether the City of Scranton or the County of Lackawanna is liable for the cost of advertising lists of delinquent city taxes. Petitioner is tax collector of the district and holds his office by virtue of the Act of 1929, P. L. 1643, which established a single tax office for cities of the second class A (under which class the City of Scranton is included) to collect city, school, county and poor taxes. His petition alleges delinquent city taxes for the year 1930 were duly advertised, as required by law, in four newspapers at a cost of $2,767.04; that petitioner is advised the costs of such advertising is a legal obligation of defendant county, and the county after demand refused to make payment therefor. The petition concludes with a prayer that a declaratory judgment be entered "declaring the rights, status and legal relations between your petitioner and the City of Scranton with respect to the indebtedness aforesaid," and that judgment be entered in the amount of the indebtedness against the County of Lackawanna. The court below entered judgment for defendant.

This proceeding obviously does not fall within the provisions of the Uniform Declaratory Judgments Act for several reasons. In the first place we are not satisfied there is present an actual controversy which could be ended by entering judgment for either party in this case. It is not clear from the record whether payment of the advertising costs has already been made or whether the amount in question is still due the various newspapers in which the lists were published. Apparently no conflict of interests exists between the tax col-

lector and the county, for the latter contends the city and not petitioner is liable for the indebtedness in question. Any opinion from us at this time would be merely advisory in nature,—a result not contemplated by the Declaratory Judgments Act: Reese v. Adamson, 297 Pa. 13, 17.

The petition must be dismissed for a further reason: the record fails to indicate that all interested parties have been joined in the proceeding. No judgment can be entered fixing liability upon the City of Scranton unless the municipality be joined as a party and given an opportunity to be heard in its own defense. To meet this omission, it is not sufficient to say that the learned counsel for petitioner is solicitor for that municipality. Under the Act of 1929, supra, the tax collector in cities of the second class A is not exclusively a city officer. His counsel cannot represent two parties before us whose interests may be divergent in many instances, including the case under consideration. For that reason the record is irregular and cannot be said to comply with the statute. "Jurisdiction will never be assumed unless the tribunal appealed to is satisfied that an actual controversy or the ripening seeds of one, exists between the parties, all of whom are sui juris and before the court, and that the declaration sought will be a practical help in ending the controversy": Kariher's Petition (No. 1), 284 Pa. 455, 471.

In Pittsburgh's Consolidated City Charter, 297 Pa. 502, 506, we said, referring to Reese v. Adamson, supra, "that where public officers are 'uncertain and insecure with respect to their legal status and duties,' unless they show an actual controversy,......they are not entitled to relief by declaratory judgment." See also Wagner v. Co. of Somerset, 96 Pa. Superior Ct. 434.

The judgment of the court below is reversed and the petition for a declaratory judgment is dismissed, the costs to be equally divided between the parties.