## Collingdale Borough's Petition

*Morton Z. Paul*, for petitioner.

FRONEFIELD, P. J., October 20, 1932.—This is a petition by a borough in this county praying for a rule to show cause why a declaratory judgment should not be entered declaring unconstitutional a portion of section 2 of the Act of June 22, 1931, P. L. 751, amending section 619 of the Act of May 1, 1929, P. L. 905, commonly known as The Vehicle Code. The said portion reads as follows:

"Every county, city, borough, incorporated town, or township within this Commonwealth, employing any person, shall be jointly and severally liable with such person for any damages caused by the negligence of such person while operating a motor vehicle upon a highway in the course of their employment; and every city, borough, incorporated town, and township shall also be jointly and severally liable with any member of a volunteer fire company, of any such city, borough, incorporated town, or township, for any damage caused by the negligence of such member while operating a motor vehicle used by or belonging to such volunteer fire company while going to, attending, or returning from a fire, or while engaged in any other proper use of such motor vehicle for such volunteer fire company within such city, borough, incorporated town, or township."

It is the latter portion of the section to which the petitioner objects. The reasons assigned are (1) that it imposes upon the municipality a liability for the negligence of the driver of a volunteer fire company, over which driver the municipality has no control; (2) that it is special legislation, inasmuch as it does not include all "municipal corporations", and (3) because the title of the act does not mention "volunteer fire companies".

The constitutionality of this section was raised in the case of Devers v. Scranton City, 308 Pa. 13, but the Supreme Court refused to pass upon this question, deciding it upon other grounds.

This petition is presented under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. We are not at present considering the merits of the question but are merely considering whether or not we are to take jurisdiction of the case. In Kariher's Petition (No. 1), 284 Pa. 455, it was held that under section 6 of the Act of 1923 it was a matter of judicial discretion whether or not jurisdiction would be taken. The same case held, however, that jurisdiction should never be assumed unless the court was satisfied that an actual controversy, or the ripening seeds of one, exist between the parties, all of whom are sui juris and before the court.

The petitioner claims that there are present the "ripening seeds" of a controversy. This phrase was defined in Cryan's Estate, 301 Pa. 386, 395, where the court said:

"In the Pittsburgh Charter Case we explained that 'ripening seeds' meant a state of facts indicating 'imminent' and 'inevitable' litigation. . . . If difference between the parties concerned, as to their legal rights, have reached the stage of antagonistic claims, which are being actively pressed on one side and opposed on the other, an actual controversy appears; where, however, the claims of the several parties in interest, while not having reached that active stage, are nevertheless present, and indicative of threatened litigation in the immediate future, which seems unavoidable, the ripening seeds of a controversy appear."

In the case at bar there is no one who is, at the present time, asserting an adverse claim to the position taken by the petitioner. The only person who is named as a party in interest is the Attorney General. There is no allegation that he is contending that the section in question is constitutional. The case is very similar to Reese et al. v. Adamson et al., 297 Pa. 13, where jurisdiction was refused in a case where certain public officials were "uncertain and insecure with respect to . . . their legal status [and] the duties" because of an alleged repugnancy between two different acts of assembly.

Furthermore, section 11 of the act provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." See Ladner et al. v. Siegel et al., 294 Pa. 368, where it was held that the act did not authorize a court to prejudge a case which might possibly arise nor to act unless all interested appear as parties, since the decree is a final adjudication.

In the present case it can easily be seen that it is impossible to join all parties whose interests might be affected by the declaration. Were we to hold the section in question unconstitutional and an accident should occur involving a volunteer fire company, the injured party might properly contend that he had had no opportunity to be heard on the question and that it was not res judicata as to him.

It was not intended that the courts should furnish advisory opinions nor decide moot questions. As was said in Kariher's Petition, supra (p. 467):

"A moot case is imaginary, it does not exist in fact; to decide it serves no useful purpose,—nothing is adjudicated, for nothing is affected . . . , whereas a declaratory judgment must always deal with a real dispute over real facts. An advisory opinion is merely a giving of advice; it is not binding . . . , while a declaratory judgment is a final judgment (section 1 of the act) and constitutes res judicata." See, also, Huester, Collector of Taxes, v. Lackawanna County, 308 Pa. 9.

We feel that any opinion which we could render at the present time would be advisory rather than declaratory, and therefore the rule to show cause must be refused.

And now, to wit, October 20, 1932, it is ordered and decreed that the petition of Collingdale Borough for a rule to show cause why a declaratory judgment should not be entered be and it hereby is refused.

From William R. Toal, Media, Pa.