## Vanderslice Estate

*George J. Vanderslice*, for petitioner.

*Donald A. Lewis*, for executor-trustee.

KREISHER, P. J., July 29, 1957.—On May 6, 1957, John Thomas Lockard, legatee-devisee under the will

of Charles Thomas Vanderslice filed a petition for declaratory judgment requesting the court to construe item 12 of the last will and testament of the said deceased. The said petition was endorsed on the front thereof by counsel for petitioner directing the Bloomsburg Bank-Columbia Trust Company, executor-trustee under the will of the said deceased, to enter a written appearance within 15 days from the date of service of a copy of the petition and to file an answer thereto within 20 days from the date of said service.

On May 23, 1957, counsel for the Bloomsburg Bank-Columbia Trust Company, executor-trustee, filed preliminary objections to the petition stating in effect that the said executor-trustee was an improper party to the proceedings because the said executor had already filed their account which was confirmed absolutely and distribution made thereunder, and that as trustee they had no interest whatsoever in the property mentioned in item 12 of the said will.

The petition as filed reads, inter alia, as follows:

"1. That Charles Thomas Vanderslice, late of the said Town of Bloomsburg, died testate on November 9, 1955, and in and by his last will and testament dated June 7, 1955, duly probated before the Register of Wills in and for Columbia County, Pennsylvania, provided, inter alia, as follows:

" 'ITEM TWELVE: I give, devise and bequeath my property situate at 27 West Fifth Street, in the Town of Bloomsburg, County of Columbia and State of Pennsylvania, known as my home, to my great nephew, John Thomas Lockard, his heirs and assigns, in fee simple. My sole purpose is to provide a home for said John Thomas Lockard in later life, and at no time during his lifetime can the property be sold or assigned.'

"A copy of said will is appended hereto, marked 'Exhibit A'.

"2. The said real estate was distributed to your petitioner under the First and Partial Account of Bloomsburg Bank-Columbia Trust Company, Executor of the said Charles Thomas Vanderslice. The Orphans' Court of Columbia County on April 6, 1957, confirmed absolutely that distribution, and a certified copy of the Court's adjudication was filed in the office of the Recorder of Deeds in and for Columbia County, recorded in said office, in Deed Book 184, at page 204, and indexed in the grantors' index under the name of Charles Thomas Vanderslice and in the grantees' index under the name of your petitioner.

"3. Your petitioner desires to sell this real estate at the earliest practicable date, but believes that the words 'and at no time during his (your petitioner's) lifetime can the property be sold or assigned' in Paragraph Twelve of the will are the ripening seeds of a controversy betwen your petitioner and any person desiring to purchase the property."

The initial and most difficult issue arising in this proceeding is whether or not the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, might be invoked in this proceeding. The original act which was enacted in 1923 was amended by the Act of April 25, 1935, P. L. 72, and by the Act of May 26, 1943, P. L. 645, 12 PS §836. From 1935 until 1943 the courts seemed to give the act a very narrow construction and held that the act could be invoked only where there was present a real and imminent controversy or as stated in many of the early cases, "the ripening seeds of a controversy".

The Act of 1943 reads as follows:

"Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present be-

tween the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute, or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought."

Since the above quoted amendment, the courts appear to have become more lenient in granting relief by way of declaratory judgment and seem to now make it a matter of judicial discretion as to whether or not jurisdiction will be taken in any particular case.

In Eureka Casualty Company v. Henderson, 371 Pa. 587, in an opinion by Mr. Chief Justice Horace Stern, it is stated on pages 592 and 593 of the opinion as follows:

"The question arises, therefore, whether, under the facts here presented, judicial discretion would be wisely exercised if plaintiff's petition were granted. One of the chief objectives which declaratory judgment procedure was aimed to accomplish was the furnishing

of an expeditious remedy for the settlement of claims, which, in the words of the statute, 'indicate imminent and inevitable litigation',—to settle controversies which, for some reason or other, could be determined more advantageously if settled promptly rather than at some future time when they would require adjudication. In the present case there cannot be said to be a probability, much less a certainty, that the incipient controversy which now exists between these parties will ever ripen into litigation since it cannot be assumed that the suit in New York will result in a verdict for Mrs. Quentin; on the contrary, if, as plaintiff now confidently asserts, its investigation disclosed that Mrs. Quentin's fall was not due to any negligence on the part of defendant, and that the sisters made admissions to that effect, the verdict may well be for defendant, in which case no claim against plaintiff would arise. No question is raised here as to the interpretation of any of the terms of the policy, but merely one of fact as to whether defendant failed to comply with the duty imposed upon her of cooperation with the Company; a trial or hearing now held to weigh the conflicting testimony bearing on that issue and to determine it accordingly might prove to be a wholly useless proceeding. It was said in Capital Bank and Trust Company's Petition, 336 Pa. 108, 111, 6 A. 2d 790, 792; '. . . the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy: . . . Tested in light of the foregoing principles, the present petition fails to support the relief there sought. Rather it is an attempt to get the court to decide future rights *in anticipation of an event which may not happen*.' (Italics supplied.)

"In Kahn v. William Goldman Theaters, Inc., 341 Pa. 32, 35, 17 A. 2d 340, 341, it was held that the peti-

tion there presented for a declaratory judgment should be dismissed because the plaintiff was attempting 'to get the court to decide future rights *in anticipation of an event which may never happen'*. In Congregational Conference Appeal, 352 Pa. 470, 473, 43 A. 2d 1, 2, 3, it was said: '. . . we are not now called upon to determine whether . . . an absolute fee passed under the conveyance, or whether there was vested in the grantee merely a base estate determinable upon the property being sold, conveyed or used in violation of the prescribed terms . . . this provision cannot properly be made the subject of a declaratory judgment because the contingency upon which a right of re-entry might arise is obviously remote and *may in fact never happen.'* (Italics supplied.)

"In Schoenbrun v. Nettrour, 360 Pa. 474, 476, 477, 61 A. 2d 868, 869, it was said: 'Their (the plaintiffs') only present interest is to avail themselves of an offer by the defendant vendors to return the hand-money to the corporate plaintiff upon a contingency *that may never happen:* . . . Such an uncertain interest cannot be made the subject of a declaratory judgment proceeding: . . .' In Malick's Petition, 133 Pa. Superior Ct. 53, 59, 1 A. 2d 550, 553, it was said: 'In general, courts lack power to decide questions which *when presented are wholly moot*, but which *may* arise in the future if certain events happen, and particularly where an adequate remedy is available should the contingency arise.' " (Italics supplied.)

The petition as presented in this case requests the court to determine the marketability of the title to the real estate passing to petitioner and we have been unable to find any case where the courts have determined the marketability of title by way of declaratory judgment and therefore are reluctant in the exercise of our judicial discretion to establish a precedent of

this nature because we feel that the court may have presented to it innumerable petitions for declaratory judgments to determine the marketability of title to real estate.

However, the peculiar facts in the instant case, in our opinion, bring it within the requirements of the aforequoted act of assembly permitting the court to take jurisdiction of the matter.

It was said in Capital Bank and Trust Company's Petition, 336 Pa. 108, on page 111, that:

"The vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy."

We have before us the construction of an instrument; namely, a will, and petitioner is a person interested under the will seeking to have determined a question of construction arising under the instrument and wishing to obtain a declaration of his rights thereunder.

Section 2 of the Uniform Declaratory Judgments Act, 12 PS §832, provides:

"Any person interested under a deed, will, written contract, or other writings constituting a contract, . . . may have determined any question of construction or validity arising under the instrument, . . . and obtain a declaration of rights, status, or other legal relations thereunder."

Petitioner, John Thomas Lockard, being the devisee mentioned in item 12 of the said will, desires to sell this real estate but because of the wording of the bequest has encountered difficulty in securing the highest market value because he is met with the provision against alienation during his lifetime contained in said item when each prospective purchaser has the title searched.

It goes without saying that a decree in this case will serve to terminate the uncertainty or controversy which is present from the wording of said item in said will.

The preliminary objections filed by the Bloomsburg Bank-Columbia Trust Company, trustee under said will, merely set forth that since distribution has already been made by them under the terms of the will to petitioner, they are no longer interested and wish to be deleted from the record.

An examination of the distribution which has been confirmed absolutely, substantiates their position and the court believes it can delete them from the record and still proceed to determine the issue.

The rule of law making a general restraint on alienation void where an estate in fee simple is granted is so well known and so obviously correct that Hunter in his Pennsylvania Orphans' Court Commonplace Book, vol. 1, p. 168, sec. 7 (*d*), merely states the rule in a line and a half and then cites innumerable cases in support of the rule.

In Kepler v. Kepler, 330 Pa. 441, on page 444, it is stated:

"A provision in a will making it a condition precedent to the devise that the farm and mansion house be inalienable and not subject to encumbrance is an unlawful restraint against alienation and void; the property passes without restriction. The condition in the present case is almost identical with that in Kaufman v. Burgert, 195 Pa. 274, where it was decided that the will passed an unconditional fee simple to the devisee."

It is true that the intention of testator is clearly stated in item 12 of the said will, but having first given the devisee an absolute estate to his heirs and assigns in fee simple, he cannot in a subsequent sentence cut that devise down by making it inalienable during the

lifetime of the devisee, as this is an illegal and void restriction which is unenforceable and of no effect.

In Pattin v. Scott, 270 Pa. 49, it is stated:

"Where it is apparent from the words of a will that the dominant purpose of the testator is to devise a fee simple estate, and the subsequent language indicates merely a subordinate intent to strip the estate thus given of one or more of its inherent attributes, the law will hold that this cannot be done, and the fee simple estate passes to the devisee with all of its inherent qualities."

Without further discussion in the matter it is the court's opinion that item 12 above quoted of the will of Charles Thomas Vanderslice gave to the devisee, John Thomas Lockard, an absolute fee simple estate without any legally enforceable restraint, and to this end we make the following:

*Decree*

And now, to wit, July 29, 1957, a petition for declaratory judgment having been presented to the court in the above matter, and the court having assumed jurisdiction after full and careful consideration, it is hereby ordered, adjudged and decreed that John Thomas Lockard, of the Town of Bloomsburg, acquired a fee simple title to the property situate at 27 West Fifth Street in said Town of Bloomsburg under item 12 of the will of Charles Thomas Vanderslice and that John Thomas Lockard thereby became the sole owner of the said real estate known as the home of Charles Thomas Vanderslice, deceased.

It is further ordered that the said petitioner shall pay the costs of these proceedings, and that service upon the Bloomsburg Bank-Columbia Trust Company of a copy of the petition for declaratory judgment be set aside in accordance with the requests set forth in the preliminary objections filed to said petition.