## Erie Indemnity Co. v. Greene

*G. Thomas Miller* and *Bailey & Rupp*, for plaintiff.
*Bruce E. Cooper*, for defendant.

ROYAL, J., August 5, 1957.—This case comes before us on defendant's answer raising questions of law, in effect a demurrer, (section 5, Act of May 22, 1935, P. L. 228, 12 PS §851), to plaintiff's petition for a declaratory judgment under the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831, et seq., and its amendments and supplements.

The petition for the declaratory judgment filed by the Erie Indemnity Company, as attorney-in-fact for subscribers of Erie Insurance Exchange, recites an automobile accident near Steelton in this county on August 19, 1956, in which an Oldsmobile Sedan titled in the joint names of Gordon Josselyn and Charlotte E. Josselyn, his wife, and insured by plaintiff, was involved.

The accident resulted in the death of the said Gordon Josselyn, who was operating the car, and in alleged personal injuries to his minor son, Gordon Josselyn. Jr., a passenger.

The petition further recites renunciation by the deceased's widow of her right to administer in her husband's estate, and the appointment on October 13, 1956, of one Richard Greene, of Elizabeth, N. J., as administrator, and the subsequent institution of a suit on November 13, 1956, in the United States District Court for the Middle District of Pennsylvania by the said decedent's widow, Charlotte E. Josselyn, in her own right and as guardian of the couple's minor son, against the aforementioned Greene, as administrator, being an action for damages for injuries allegedly sustained by the minor.

It is then alleged that counsel for Greene made demand on plaintiff-petitioner in these proceedings for defense in the Federal court suit and indemnification from liability pursuant to terms of the aforementioned policy of insurance, and that at a conference

on March 9, 1957, attended by Greene and his counsel and by counsel representing plaintiff-petitioner, defendant stated he had no knowledge of the facts and circumstances giving rise to the civil suit filed in the United States District Court and on advice of counsel declined to answer questions relating to his appointment as administrator and refused to sign a non-waiver agreement submitted to him by plaintiff's counsel.

The petition further avers that two days following this conference counsel for defendant informed plaintiff's counsel that Greene was a brother-in-law of an attorney associated with the law firm representing plaintiff in the Federal court litigation, and that Greene had been secured to act as administrator solely at the request of one Franklin Brown, an associate of the aforementioned law firm.

A violation of section 16 of the aforesaid insurance policy, "Assistance and Cooperation of the Insured", is also alleged, together with collusive conduct on the part of defendant herein with an adverse party.

It is contended plaintiff herein has a valid legal reason for refusing defense to defendant and indemnification as demanded, but adds that refusal of the request for defense and resultant obligation by Greene to pay counsel fees in defending the United States District Court suit and rendition therein of a judgment against Greene would result in a civil suit against the insurance company, plaintiff herein, for payment and indemnification.

The petition further alleges the existence of an actual controversy and imminent and inevitable litigation and declares there is no other method than by this declaratory judgment proceeding to determine in advance of such litigation the duties and obligations of the insurance company to Greene, administrator-defendant in the civil suit and defendant herein, and

that a declaratory judgment by this court will terminate the uncertainty and avoid any future litigation, said declaratory judgment to determine whether plaintiff insurance company in these proceedings has any duty to indemnify defendant against any liability arising by reason of the civil action in the United States District Court.

Section 6 of the Uniform Declaratory Judgments Act, 12 PS §836, reads as follows:

"Relief by declaratory judgment or decree may be granted in all civil cases where an actual controversy exists between contending parties, or where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought."

Under the foregoing, it is apparent that the questions involved here are first whether "antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation" and second whether "a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding".

As hereinbefore stated, this petition alleges "imminent and inevitable litigation" and also avers that a declaratory judgment or decree of this court in the instant proceedings will "terminate the uncertainty" and avoid any future litigation between plaintiff and defendant herein.

In order to answer those questions and to determine whether or not a decree or judgment will actually terminate the alleged uncertainty and avoid any future litigation between the parties, it becomes necessary to determine what controversy presently exists between them and why.

Plaintiff's petition clearly indicates that "controversy" relates solely to the question of alleged noncooperation on the part of defendant herein with respect to the pending civil suit in the Federal court, as said alleged noncooperation is detailed in plaintiff's petition for the declaratory judgment.

With respect to "Assistance and Cooperation of the Insured", section 16 of the policy of insurance involved reads as follows:

"The Insured shall cooperate with Exchange, disclosing all pertinent facts known or available to him, and upon Exchange's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in conduct of suits. The Insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense except for first-aid to persons and animals."

We are not required here and now to decide whether or not there has been a failure of cooperation on the part of defendant herein alleged by plaintiff, based on what the former is alleged to have done or failed or refused to do.

Defendant having filed his answer raising questions of law in the nature of a demurrer, the averments in the petition for a declaratory judgment are to be taken as true for the purpose of passing upon this demurrer.

In his answer in the nature of a demurrer, defendant contends a situation does not exist which is ripe for judicial action, that it involves litigation which is too uncertain and contingent to entitle plaintiff to the requested relief and that the facts as alleged by petitioner are insufficient in law to warrant the relief sought.

We have previously summarized those averments advanced by defendant in support of this demurrer in the brief filed and at the oral argument before the court en banc.

Defendant relies chiefly on a decision of the Supreme Court of this Commonwealth in the case of Eureka Casualty Company v. Henderson, 371 Pa. 587 (1952), 92 A. 2d 551, the facts of which in our opinion in many respects being similar to those in the instant proceedings.

The Eureka Casualty Company suit was based upon a petition for a declaratory judgment by the insurance company asking the lower court for a declaratory judgment to the effect that defendant-insured had forfeited all rights to protection under the insurance policy concerned and that the insurance company was under no obligation to defend a civil suit for damages filed in the State of New York and then pending.

Since, in our opinion, notwithstanding the view of counsel for plaintiff herein to the contrary, the facts

in the Eureka Casualty Company case in many respects are as we have said similar to those in the case now before us, a brief summary of those facts now seems to be fitting.

The Eureka Casualty Company carried a liability policy covering a private residence in New Kensington, Pa., jointly owned by one May Henderson and her sister, Charlotte. When on a visit to the Misses Henderson, a married sister, Mrs. Elizabeth Quentin, of Port Washington, N. Y., while the insurance policy in question was in force, sustained personal injuries in an accidental fall in one of the bedrooms in the home covered by the aforementioned insurance policy.

Claimant instituted suit in the State of New York against May Henderson, but filed no litigation in Pennsylvania.

In a declaratory judgment petition filed in Westmoreland County, the insurance company alleged that an examination was conducted by it following notification of the accident, that the premises were in good condition and that all three sisters had told the insurance company the occurrence was an unavoidable accident. Whereupon, the insurance company informed claimant, Mrs. Quentin, that there was no legal liability on the insured, and therefore no obligation on the insurance company to assume any responsibility for any claim which Mrs. Quentin might have.

Noncoöperation on the part of May Henderson was contended by the insurance company in her refusal to give a written statement regarding the accident, and in her alleged advice to her sister, Charlotte, to do the same, and insistence that the injured sister, Mrs. Quentin, be paid, toward which end it was alleged she had said she would give her assistance against the insurance company.

It was also asserted that May Henderson had made a trip into New York State in order that service of

the suit filed there could be made upon her. All those averments on the part of the insurance company May Henderson denied.

Our Supreme Court, speaking through the then Chief Justice Horace Stern, said, at page 592:

". . . In the present case there cannot be said to be a probability, much less a certainty, that the incipient controversy which now exists between these parties will ever ripen into litigation since it cannot be assumed that the suit in New York will result in a verdict for Mrs. Quentin; . . . the verdict may well be for defendant, in which case no claim against plaintiff would arise. . . ."

It was further held, at pages 593 and 594:

". . . plaintiff should be relegated for the establishment of its defense to any action that may be brought against it to recover under its policy rather than to have the court now conduct a declaratory judgment proceeding which, as already stated, may prove to be merely academic, and we think that the court below, in the exercise of judicial discretion, properly so determined. . . ." The Westmoreland County Court had dismissed the declaratory judgment petition on respondent's motion to that effect granted during trial.

The court also commented in the Eureka Casualty Company case that *it was purely a matter of judicial discretion whether the court would take jurisdiction in a declaratory judgment proceeding*, stating, at page 591:

"We start with the fundamental proposition that whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion. . . ."

In the case before us, plaintiff contends that the facts in the Eureka Casualty Company case are not on all fours with those in the instant proceedings, apparently chiefly for the reason that there the in-

surance company denied legal liability on the part of the insured, while in the instant proceeding plaintiff has not taken that position, at least so far. In his brief filed with us, and also at the oral judgment, counsel for plaintiff also stressed strongly the relationship between the administrator-defendant herein and an associate of the law firm representing plaintiff in the suit against the administrator in the Federal court, the administrator being a brother-in-law of the attorney in question.

We do not agree that those factors make the decision of the Supreme Court in the Eureka Casualty Company case inapposite here. On the contrary, we are of the opinion that the Eureka Casualty Company case controls the situation confronting us.

In both the Eureka Casualty Company case and in the instant matter, we find a civil suit for damages pending, which might or might not result in a judgment against the insured.

In the former case, liability on the part of the insured, it is true, is denied by the insurance company, while in this case that position has not yet been taken by the insurance company, plaintiff herein.

Noncoöperation on the part of the insured was the principal contention of the insurance company in the Eureka Casualty Company case as it likewise appears to be in these proceedings.

In the Eureka Casualty Company case, the relationship of May Henderson, defendant in that declaratory judgment proceeding, to her sister, Mrs. Quentin, plaintiff in the civil suit then pending in New York State by Mrs. Quentin against her sister, May Henderson, and the alleged collusion between them was stressed by the insurance company with respect to said civil suit for damages for personal injuries.

In the instant case, plaintiff insurance company stresses the relationship by marriage between the administrator of the deceased insured's estate, defendant in the pending Federal court civil suit against him, and an attorney associated with the law firm representing plaintiff in that litigation, as we have said.

It may be observed at this point that with respect to the objection strenuously urged by plaintiff's counsel concerning the circumstances surrounding the appointment of Greene, as administrator for the Josselyn estate, and Greene's relationship by marriage previously mentioned, we do not see how a decree of this court in these proceedings could be of any help or relief to plaintiff herein. The common pleas court has no control over the appointment of a personal representative in a decedent's estate or of the conduct of such appointee. The granting of letters is a judicial act which cannot be set aside in a collateral proceeding in the common pleas court. See West, Administratrix, v. Young, 332 Pa. 248, 251 (1938), and cases cited therein.

As already indicated herein, it is unnecessary to pass now upon the question of noncoöperation as raised by this plaintiff in his petition for a declaratory judgment or in the argument before the court.

The main question to be decided here and now, and we believe the controlling one in the instant case, is whether there is "imminent and inevitable litigation" indicated between the parties hereto, with "antagonistic claims", in the words of the statute (see section 6, Uniform Declaratory Judgments Act, supra) being present.

At this time, we are not persuaded that there is any *"imminent and inevitable litigation"* indicated between the parties. (Italics supplied.)

We believe that instant proceedings are premature and that this court should not take jurisdiction.

In Malick's Petition, 133 Pa. Superior Ct. 53 (1938), at page 59, the court said:

"In general, courts lack power to decide questions which when presented are wholly moot, but which may arise in the future if certain events happen, and particularly where an adequate remedy is available should the contingency arise. Thus, in Philadelphia, to use, v. Leverington Cemetery Co., 104 Pa. Superior Ct. 386, 159 A. 75, we held that a petitioner should be refused permission to intervene where his assertion of such right is premature and where an adequate legal remedy is provided for settling the question should it ever actually arise. . . ."

In Kariher's Petition (No. 1), 284 Pa. 455 (1925), 131 Atl. 265, at page 472, the court held: ". . . the court will not decide future rights in anticipation of an event which may not happen, but . . . will wait until the event actually takes place, unless special circumstances appear which warrant an immediate decision. . . ."

Also in Straus' Estate, 307 Pa. 454 (1932), 161 Atl. 547, at pages 457 and 458, it was there held: ". . . the court will not decide future rights in anticipation of the event at which such future rights call for decision: Ladner v. Siegel, 294 Pa. 368. . . ."

There is no certainty and presently no apparent probability that defendant herein, as the result of the pending Federal court suit, will have a judgment entered against him and call upon this plaintiff to indemnify him. It could very well be that as the trial of the Federal court suit progresses, it will be found that defendant is not legally liable. A nonsuit might conceivably be granted, or even if the case goes to a jury, there is no certainty that the jury's verdict would be for plaintiff.

As for this plaintiff's duty to defend respondent, Greene, in the pending suit in the United States District Court, plaintiff has already engaged in that defense, and we assume has complied with the Federal court's order of April 15, 1957, denying his petition for an extension of time to file an answer to the complaint filed in that litigation, in which answer much the same, if not the same, reasons were set forth as in the petition for a declaratory judgment filed in the instant proceedings, and directing that an answer be filed within 20 days.

Furthermore, we seriously doubt whether time would permit the rendition by this court of a declaratory judgment and the relief sought by plaintiff herein before the conclusion of the pending Federal court suit, the termination of which could very well render any judgment of this court in these proceedings wholly unnecessary at that time.

The rule is well established that it is a matter of judicial discretion in a declaratory judgment proceeding whether or not the court will take jurisdiction of any particular case.

Section 6 of the Uniform Declaratory Judgments Act, supra, states: "Relief by declaratory judgment or decree *may* be granted in all civil cases. . . ." (Italics supplied), and then enumerates the instances where such relief *may* be granted. See Kariher's Petition (No. 1), supra; Lifter Estate, 377 Pa. 227 (1954), 103 A. 2d 670; Schoenbrun v. Nettrour, 360 Pa. 474 (1948), 61 A. 2d 868; Capital Bank and Trust Company's Petition, 336 Pa. 108 (1939), 6 A. 2d 790; Carwithen's Estate, 327 Pa. 490 (1937), 194 Atl. 743; Kahn v. William Goldman Theatres, Inc., 341 Pa. 32 (1941), 17 A. 2d 340.

It is true that in some occasional instances the courts have comparatively recently assumed jurisdiction in declaratory judgment proceedings where it

seems questionable whether a declaratory judgment would lie. For instance, in the case of McCandless Township v. Wylie, 375 Pa. 378 (1953), 100 A. 2d 590, the majority opinion of the Supreme Court, at page 382, states:

". . . Under the circumstances, and especially since this case is one of public interest and state-wide importance, we will entertain and fully dispose of the proceeding." But the case before us now is certainly not of that character.

Also in O'Brien Estate, 381 Pa. 322 (1955), 112 A. 2d 178, it is stated, at page 325, that: "Although it is questionable whether a declaratory judgment will lie, we shall, because of the unusual circumstances, decide the case on the merits."

We see no "unusual circumstances" in the instant case which would justify this court in taking jurisdiction at this time.

Counsel for plaintiff argues that "under the unusual circumstances of this case" the petition for a declaratory judgment must be upheld and the matter proceed to a hearing on the merits.

The only "unusual circumstances of this case" are those alleged relative to the appointment of defendant herein, as administrator of Gordon Josselyn's estate. Those "unusual circumstances", as we have already stated, this court would be powerless to change as suggested by plaintiff's counsel, even granting those circumstances to be as potentially disadvantageous to plaintiff in the pending Federal court suit as graphically depicted by counsel. Incidentally, some of the trouble counsel envisions in that connection probably could and would be corrected by the trial judge, if it developed.

Plaintiff has pointed us to no authority for this court's requiring "the appointment of an administra-

tor who is clearly impartial and unbiased", to quote from the brief filed by its counsel.

We also do not believe the mere fact of the within defendant's relationship by marriage, as hereinbefore several times mentioned, of itself represents control of both sides of litigation by the same party or "is something akin to that", as suggested in behalf of plaintiff.

The circumstances of this case do not present a situation where in the exercise of the court's discretion a declaratory judgment should be made, even where the case is doubtful. It is not an exception which proves the rule and a situation which warrants a departure from the general trend of the decisions of the courts of this Commonwealth in declaratory judgment proceedings, where the question of jurisdiction is as in the instant case, to say the least, doubtful.

In view of the foregoing, we herewith enter the following

### Order

And now, August 5, 1957, the answer of defendant in the nature of a demurrer is hereby sustained and the petition for a declaratory judgment is dismissed.