## Mulhollem's Estate.

*Wills—Construction—Tenant for years—Failure to repair—Act of May 24, 1887, P. L. 188.*

Where testator appoints his widow as executrix and further directs that all of his real estate "shall be held by my estate and the rents, issues and profits arising therefrom during the period of twenty years immediately succeeding my death shall be paid to my wife if she lives so long, she however, to pay all taxes, repairs, insurance and charges made thereof during said period," and further directs a sale of the real estate at the end of the period of twenty years, the widow takes the real estate as a tenant for years, and not as executrix, and if she fails to make proper repairs the remedy against her is not in the orphans' court by a rule for the appointment of a sequestrator, but in the common pleas by proceedings under the Act of May 24, 1887, P. L. 188.

Submitted Oct. 29, 1913. Appeal, No. 217, Oct. T., 1913, by Sylvester Moore, Guardian of John Mulhollem, Jr., from decree of O. C. Blair Co., March T., 1913, No. 159, discharging rule for the appointment of a sequestrator in Estate of John Mulhollem, deceased. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule for the appointment of a sequestrator.

The opinion of the Superior Court states the case.

*Error assigned* was decree discharging rule for appointment of a sequestrator.

*R. A. Henderson*, for appellant.—The Act of May 24, 1887, P. L. 188, under which the learned court below says the present proceedings should have been instituted, gives the court of common pleas jurisdiction to appoint a sequestrator where real estate is subjected to a life estate or for years, but it does not give that court exclusive jurisdiction in a case where the orphans' court had formerly jurisdiction. It does not take away the jurisdiction of the orphans' court as given by the Act of June 16, 1836, P. L. 784. It can easily be conceived how real estate can be subjected to an estate for life or years, by deed, and, of course, in that case the orphans' court would not have jurisdiction. It was no doubt to meet such cases that the act was passed.

*Thos. C. Hare*, for appellee.—The jurisdiction of the orphans' court is predicated of the duty of a personal representative or trustee to account for real or personal property of a decedent. Even if it be determined that it is the duty of the executrix to receive the income from the properties of the decedent, all of the income so received by the executrix, without abatement, must be paid to the appellee, as the beneficiary. The executrix is accountable in no other respect than for the receipt of the amount of the rents and the payment of that identical amount to the tenant for years. The appellee then as the tenant for years, not being a trustee, is not accountable for the moneys received or for the distribution thereof and, in her capacity as tenant for years, is not subject to the jurisdiction of the orphans' court under the provisions of the act of 1836.

OPINION BY RICE, P. J., February 20, 1914:

This appeal is from an order discharging a rule to show cause why a sequestrator should not be appointed to take all the real estate left by the testator, to collect the rents, issues, and profits thereof, to make all necessary and legal repairs to the properties, and, after paying for the same out of the rents, to pay the balance to Annie C. Mulhollem during her lifetime or until the properties are sold under the provisions of the will. The original petition did not specifically allege a neglect or refusal on the part of the respondent, as executrix, to repair, but left it to be inferred that she had failed in the duty to repair which devolved on her as life tenant. But, after the rule to show cause was granted and the answer of the respondent was filed, the petition was amended, by leave of court, by adding allegations that by reason of the death of her co-executor she had become sole executrix; that as executrix she had collected the rents, issues, and profits of certain dwelling houses, and that she was not keeping them in repair, but was allowing them to become dilapidated, to the great loss and damage of the petitioner and the other persons who are to receive the proceeds of the real estate when sold. The amended petition concluded with a prayer that a sequestrator be appointed to collect the rents and make the necessary repairs, "or that the executrix be ordered to do so," but the rule to show cause was not enlarged by formal order so as to cover the latter branch of the petition. The case has been presented as if the rule had been enlarged, and we shall consider it in that light.

It is conceded by the learned counsel for the appellee that, if the duty devolved upon the executrix to manage the estate, receive the profits therefrom, and apply the same to the proper care and maintenance of the properties, the orphans' court would have jurisdiction, upon proof of mismanagement on the part of the executrix, to require her to make repairs and enforce the order

either by removal of the executrix or by sequestration or by attachment. As counsel are agreed upon that proposition, we need not discuss it or review the authorities cited by appellant's counsel. According to that view, the case turns upon the question, whether under the fourth clause of the will the duty to make and pay for proper repairs devolved on the respondent, as executrix or as tenant for years. The clause, so far as material here, reads as follows: "Fourth.—All other real estate of which I may die seised I direct shall be held by my estate and the rents, issues and profits arising therefrom during the period of twenty years immediately succeeding my death shall be paid to my beloved wife, Annie C. Mulhollen, should she live so long, she, however, to pay all taxes, repairs, insurance and charges made thereon during said period. At the end of said period of twenty years I direct that the said real estate shall be sold at either public or private sale, and the proceeds thereof shall be distributed as follows," etc.

It is argued by appellant's counsel that the testator's direction that the real estate "be held by my estate" means that it shall be held by his executors and implies their duty and authority to collect the rents, issues, and profits, and to appropriate so much thereof as is necessary for repairs. Appellee's counsel argue, on the other hand, that the management of the real estate is not imposed upon the personal representatives of the testator, but upon the widow as tenant for years. Granting that the appellant's position, so far as collection of the rents is concerned, is correct, the disposition of the rents, issues, and profits collected is not left to implication, but is expressly provided for. They are to be paid to the widow, and she, not the executors, is to pay for the necessary repairs. The language of the gift is inconsistent with the appellant's contention that it was only the balance remaining after deducting the costs of repairs that was to be paid to the widow, and is entirely

consistent with the appellee's contention that the testator intended to give her the entire rents, issues, and profits for twenty years, if she should live so long, and to impose on her, as tenant for years, the duty of applying such part of the proceeds as may be necessary for proper maintenance and repairs. The Act of May 24, 1887, P. L. 188, provides a specific, simple and adequate remedy, by sequestration proceedings in the common pleas, for failure to perform such duty by a tenant for life or for years, and there is no occasion or justification for resorting to doubtful construction of the will, resulting in the implication of an intention to impose the duty on the executors, in order to bring the case within the jurisdiction of the orphans' court. We, therefore, concur with the learned judge below in the conclusion that the rule to show cause should be discharged.

The decree is affirmed at the costs of the appellant.