# Farber's Estate.

*Wills—Life estate—Power to consume—Two funds—Presumption.*

Where a person has two funds to draw upon for living expenses, one his own individual estate, and the other from the estate of another in which he has a life interest with power to consume, in the absence of evidence to the contrary, there is a presumption that he would expend the latter before drawing upon the former.

*Will—Power to sell—Payment of debts which had lost lien—Executors and administrators—Surcharge.*

Where an executor sells real estate under a pow_r of sale to pay debts and expenses of administration, he cannot out of the fund raised by the sale reimburse himself for moneys which he had advanced to pay debts of the decedent, the lien of which had been lost through failure to comply with the statute.

*Life tenant—Repairs—Insurance—Municipal improvements.*

82        FARBER'S ESTATE.

A life tenant must preserve the demised estate in as good condition as it is received, natural depreciation excepted. He cannot under the guise of repairs, improve the remainderman out of his estate.

A life tenant has an insurable interest in the property held for life; but if he insures the property as a whole, he cannot charge the whole ᴄost of the insurance to the remainderman. He is liable himself for a portion of the cost equal to the premium which would protect his insurable interest.

Moneys paid for municipal improvements are properly charged aᴌainst the estate in remainder; but if a life tenant receives the benefit of them in rentals during the life tenancy, his estate should be surcharged with interest thereon.

Argued March 7, 1918.  Appeal, No. 4, March T., 1919, by Fred'k W. Stark, from decree of O. C. Lackawanna Co., No. 805, Series C., dismissing exceptions to account in Estate of George Farber, deceased.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Exceptions to account.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to account.

*R. W. Archbald*, with him *H. S. Alworth*, for appellant.—The testator had been dead over four years when the first sale was made; and over fifteen years at the time of the second one; and the proceeds were therefore to be held by the executrix in trust for herself for life, and after her death for the benefit of the remaindermen; unless there were debts of the decedent or administrative expenses, which were chargeable against it: Merkel's Est., 154 Pa. 285; Emerick's Est., 172 Pa. 191; Brubaker's Est., 59 Pa. Superior Ct. 109; Reynold's Est., 195 Pa. 228.

The payments made by the executrix prior to the sale of the real estate whether of debts or administration expenses are presumed to have been made out of the per-

sonal estate of the decedent, and if claimed as advances by her personally, proof must be made of it.

An executor not charged by the will with the care or maintenance of the real estate of the decedent, is not entitled to credit for repairs or improvements: Walker's App., 116 Pa. 419; McKinney v. Watson, 8 S. & R., 347; O'Donnell's Est., 9 Kulp 123; Benner's Est., 3 Brewst. 398; Montier's Est., 7 Philadelphia 491.

Even treating this as an accounting between the executrix as life tenant and the remaindermen, which it is not, none of the items of the character referred to are properly chargeable against the latter.

Where the life tenant is compelled to improve, as in case of a city sewer, the expense is to be charged equitably and ratably between the parties, the life tenant, at the least, being chargeable with the interest: Tragbar's Est., 2 Dist. 407; Zelienople Borough v. Wallace, 20 Dist. 461; Lang's Est., 31 Pitts. Leg. J. 173.

*C. P. O'Malley,* of *Knapp, O'Malley, Hill & Harris,* with him *F. E. Boyle,* for appellee.—The power of sale in the executrix worked a conversion of real estate, sold by her thereunder, into personal funds for the payment of the debts of the estate as from the death of the testator: Watt's Est., 168 Pa. 431; Lackey's Est., 149 Pa. 7; Willing v. Peters, 7 Pa. 287; Leiper v. Thomson, 60 Pa. 177; Wharton v. Shaw, 3 W. & S. 124; Pennell's App., 20 Pa. 515; Tasker's Est., 215 Pa. 267; McClure's App., 72 Pa. 414; Battenfeld v. Kline, 228 Pa. 91.

The burden was upon the exceptant to discredit the disbursements claimed by the accountant, and not upon the accountant to justify them, as contended by appellant: Fague's Est., 19 Pa. Superior Ct. 638; Heffner's Est., 134 Pa. 436; Bleakley's Est., 20 Dist. 1000.

The sale by the executrix, under the power in the will, of real estate, converted the real estate so sold, in her discretion, into a fund for the payment of debts, and this conclusion follows, even though the actual sale was made

several years after the testator's death: Dundas's App.,
64 Pa. 325; Severn's Est., 211 Pa. 65.

An executrix who advances her personal funds for
payment of debts of the decedent and expenses of admin-
istration, is entitled to reimbursement: Connolly's Est.,
198 Pa. 146; Bentley's Est., 196 Pa. 496; Mustin's Est.,
188 Pa. 544; Blank's App., 3 Grant 192; M'Curdy's
App., 5 W. & S. 397; Cooper's Est., 4 Pa. Superior Ct.
615; Bentley's Est., 196 Pa. 497; Merkel's Est., 154 Pa.
285; Culp's Est., 5 Philadelphia 97.

The expenditures made by the executrix for the up-
keep of the real estate and the permanent improvement
thereof, for the benefit of the remaindermen, were prop-
erly allowed as credits.

OPINION BY WILLIAMS, J., July 10, 1918:

Testator died September 5, 1900. His wife, executrix
under his will, died October 8, 1916, without filing an in-
ventory or account. Louis Goerlitz, executor under her
will, was cited by the administrator d. b. n. c. t. a. of
Farber to file an account of his decedent's executorship.
The account showed a debit of $6,200, received from the
sale of two pieces of real estate, one in February, 1905,
and the other in April, 1915, and claimed credit for
$7,077.60. Stark filed exceptions, which were dismissed
by the court after surcharging the accountant with
$664.67, as to which vouchers had not been submitted.
Stark appealed from the decree.

Farber's will provided (1) that his debts be paid;
(2) that his burial lot be ornamented and cared for; (3)
that certain real estate be given his wife absolutely;
(4) that she should have a life estate in "the remainder
of my estate"; (5) that any property remaining at her
death was to be divided among his nieces and nephews;
(6) that his wife should have power to "sell and convey
any and all......real estate, if in her discretion, it ap-
pears to be for the best interest of my estate......";
and appointed her executrix.

The widow having the power of consumption, so much only, of the personal estate as remained at her decease was to be accounted for; and as the heirs acquiesced without complaint in the fact that no inventory was filed by her, and it being admitted that the exceptant could not prove any personal estate came into the possession of the accountant, the debit column will be taken as correct; particularly as the law is that "where a person has two funds to draw upon for living expenses, one his own individual estate, and the other from the estate of another in which he has a life interest with power to consume, in the absence of evidence to the contrary, there is a presumption that he would expend the latter before drawing upon the former": MOSCHZISKER, J., in Richey's Est., 251 Pa. 324, 328.

Clause 6, of the will, gives a power to sell for the best interest of the estate. The expenses of administration and several debts of record had to be paid. Where it is necessary to sell to carry out the purpose of a will, there is a conversion into personalty, as of the time of the sale, and the fund loses its identity as realty: Watt's Est., 168 Pa. 431, and see Battenfeld v. Kline, 228 Pa. 91. The sale was made to pay the expenses of administration, which are a charge on the real estate: Reynold's Est., 195 Pa. 225. If the executrix advanced money to pay debts of the decedent, the lien of which had been lost through failure to comply with the statute, accountant cannot claim credit for such sums: M'Curdy's App., 5 W. & S. 397. It is not clear from the record which credits belong in this class. If the lien was properly preserved, accountant is entitled to credit: Bentley's Est., 196 Pa. 497. It will, therefore, be necessary for the court below to reëxamine the account and surcharge accountant with the payments of debts of George Farber, the lien of which had not been preserved.

Appellant contends Mrs. Farber borrowed $500 to pay debts, and duplicated the item by claiming credit for paying it back. The record does not disclose such trans-

action. On the contrary, counsel for exceptant admitted at the audit that the $500 claim was a debt of the decedent.

A number of items for repairs, insurance, interest on encumbrances, and municipal improvements were claimed as credits. A life tenant must preserve the demised estate in as good condition as it is received, natural depreciation excepted. Many of the credits claimed are for what Paxson, J., termed, in Datesman's App., 127 Pa. 348, 359: "trifling improvements and repairs." The general principle there expressed is that "the life tenant cannot of his own motion improve the remaindermen out of their estate." For permanent improvements, adding to the value of the inheritance, a life tenant is only rateably liable, especially if assented to or acquiesced in by the remaindermen: Wright's Est., 234 Pa. 580; Hoyt's Est., 236 Pa. 433. To determine the apportionment of the expense between the life tenant and remaindermen, the equities must govern, and the credits claimed are, in many cases, inequitable in view of the fact that Mrs. Farber received more than $7,000 in rentals in the sixteen years of enjoyment of the income.

The life tenant had an insurable interest in the property: Louden v. Waddle, 98 Pa. 242, as had the remaindermen: 16 Cyc. 632. A life tenant may insure with the consent of the insurer, in the interest both of remaindermen and himself, and holds the funds in excess of his insurable interest in trust for the remaindermen: Welsh v. London Assurance Corporation, 151 Pa. 607. The value of the estate insured in this case was the life tenant's interest, plus that of the remaindermen. Mrs. Farber received the benefit of the protection of her life interest, and should, therefore, be surcharged with a portion of the cost equal to the premiums which would have protected her insurable interest.

The interest upon encumbrances was properly charged to the estate, as accountant claimed no credit for interest

.81, (1918).]            Opinion of the Court.

on funds advanced to administer the estate, substantially equal in time and amount to the encumbrances.

The credits claimed for money paid for municipal improvements were properly charged against the estate in remainder, but the life tenant received the benefit of them in rentals during her enjoyment of the estate, and should be surcharged with interest thereon.

The accountant represents decedent as executrix, and not as life tenant, but the court can work out the equities arising from the dual capacity in which Mrs. Farber served, and prevent further proceedings.

The decree is reversed, and the record remitted with direction to reopen the account, classify the credits claimed, and surcharge accountant with the items improperly included in the account.