## Fisher Estate.

Argued October 2, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Virginia D. Murrin,* for appellant.

*Clyde Shumaker,* with him *Henninger, Shumaker & Kiester,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 8, 1946:

The Butler County National Bank, guardian of Richard C. Fisher, appellant, filed this petition for a declaratory judgment to determine the interest of its ward in the estate of Edna H. Fisher, deceased. Paragraph "Second"

of her will gave her entire estate to her sister, Mary E. Fisher, if she survived testatrix. Paragraph "Fifth", standing alone, devised real estate situate at 405 North McKean Street to Richard C. Fisher. The court below construed paragraph "Fifth" in conjunction with paragraphs "Third" and "Fourth" and held them to be conditioned upon the death of Mary E. Fisher, during the lifetime of testatrix. This appeal followed.

Edna H. Fisher died testate on January 19, 1934. At the time of her death she and her sister, Mary E. Fisher, jointly owned certain real estate situate at 405 North McKean Street, Butler, Pennsylvania. Paragraph "Second" of her will provided: "I will, devise and bequeath unto my sister Mary E. Fisher should she survive me, all of my estate, real, personal and mixed, of whatsoever nature and wheresoever situate, to be hers absolutely." Paragraph "Fifth" provided: "I will, devise and bequeath to my brother Richard C. Fisher all of my interest and claim in house and lot situate No. 405 North McKean Street, Butler, Pennsylvania, to be his absolutely." Mary E. Fisher died testate March 13, 1945, and by her will devised all her real estate to G. Clayton Critchlow, in trust for certain uses. Critchlow now claims the entire interest in the said real estate.

Appellant, contending that the specific devise contained in Paragraph "Fifth" was effective to qualify the general devise in Paragraph "Second", filed this petition for a declaratory judgment and prayed that the rightful owner of the real estate be determined.

The rule that the later of two inconsistent clauses in a will must be taken to represent the last expression of testatrix's intention, is well established. It is to be invoked, however, only where there is an utter repugnancy : *Conner's Estate,* 302 Pa. 534, 537, 153 A. 730, 731; *Patton's Estate,* 268 Pa. 367, 369, 112 A. 61, 62. A necessary prerequisite to the application of this rule is its unavoidability. Examination of the entire will must be made so that, if possible, all provisions thereof can be

given effect: *Sarver's Estate,* 324 Pa. 349, 352, 188 A. 141, 142. Each clause must be considered in connection with the entire document. "A clause in a will is never construed by itself but in connection with the entire document": *Patton's Estate,* supra, 370. The will must be considered as an entirety and the intent of the testatrix determined therefrom: *Calder's Estate,* 343 Pa. 30, 34, 21 A. 2d 907, 910; *Patterson's Estate,* 333 Pa. 92, 94, 3 A. 2d 320, 321; *Conner's Estate,* supra, 537. Only in the event that it becomes impossible to give effect to all of the provisions of a will, will the rule of incompatible clauses operate. ". . . the will is to be construed as a whole, and one part is not to be treated as repugnant to another, if it be possible for both to stand": *Mütter's Estate,* 38 Pa. 314, 321.

Consideration of the "Third", "Fourth", "Fifth", and "Sixth" paragraphs [1] of Edna H. Fisher's will reveal testatrix's intention to leave her entire estate to her sister, Mary, if she survived testatrix. She did survive testatrix. These paragraphs are grammatically bound together and evidence a clear intention that they shall be operative only in the event that testatrix survives her sister Mary. The will does not contain utterly repugnant clauses. The principle contended for by appellant is inapplicable. Testatrix has made a consistent disposition of all of her property. Effect can and must be given to

---

[1] "Third. Should I survive my sister Mary E. Fisher, I then will, devise and bequeath to my brother Richard C. Fisher, all of my interest and claim in the property situate No. 257 South Main Street, Butler, Pennsylvania, to be his absolutely; Fourth. To my brothers Richard C. Fisher and Charles F. Fisher, all my interest and claim in house and lot situate at No. 401 North McKean Street, Butler, Pennsylvania, together with household goods therein contained, to be theirs absolutely;

. . . Sixth, I will devise and bequeath all of my interest and claim that I may die possession of, situate in the State of Texas to my brother John C. Fisher to be his absolutely."

all provisions of the will. Considered as an entirety there are no inconsistent dispositions.

The provisions of the will reveal the intention of testatrix. Appellant's contention that the court below erred in considering surrounding circumstances not of record becomes immaterial.

The decree of the court below is affirmed, costs to be paid by appellant.