## O'Brien Estate.

Argued January 6, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*J. Melvin Kelly,* with him *Kelly & Kelly,* for appellant.

*Henry W. Maxmin,* with him *Joseph L. Carrigg, Elmer F. Sipe,* and *Jacoby & Maxmin,* for appellee.

OPINION BY MR. JUSTICE BELL, March 14, 1955:

Catherine A. O'Brien left a will, in which, after giving some pecuniary legacies and some discretionary gifts, she gave her residuary estate in trust as follows: "I authorize and empower my said Trustee to use and expend, solely as my said Trustee may deem necessary and advisable, such profits and income and any part or all of the corpus of the estate entrusted to him, *for the support and maintenance** of my brothers, James E. Lonergan, Philip E. Lonergan and John R. Lonergan.

"My Trustee shall be the sole judge of the amounts of such income and profits, if any, and of what part

---

* Italics throughout, ours.

of such corpus, if any, which shall be so expended respectively *for the support* of my said brothers.

"My Trustee may require that all other income or property or both, other than the trust thereby created, of any of my said brothers shall be used and expended, in its entirety, *for the support and maintenance* of such brother, before he, my said Trustee, shall be called on to expend any part of the income and profits or any part of the corpus of the trust estate, hereby created *for such support and maintenance.* My Trustee shall not be required to expend any fixed amount of such income and profits or of the corpus of the trust estate *for the support* of any one or more of my brothers, but on the contrary he shall have full and complete power and authority to expend any part of or all of such income and profits and any part of or all of the corpus of such trust estate *for the support and maintenance* of any one or more of my said brothers *as my Trustee may deem necessary and advisable.*

. . .

"I further authorize and empower my said Trustee to transfer absolutely to any one or more of my said brothers, at any time, any part or all of the corpus of the trust property herein entrusted to him.

"I further authorize and empower my said Trustee to expend from the income and profits or from the corpus of said Trust fund such amount as he shall deem necessary and available *for the support, maintenance and care* of my sister-in-law, Bertha Lonergan, in the event she shall survive her husband, my brother, John R. Lonergan."

Testatrix appointed her brother, *Philip* E. Lonergan, Executor and Trustee, in whose judgment and discretion she explicitly relied.

James E. Lonergan and John R. Lonergan and Bertha Lonergan survived the testatrix but have since

died. The executrix of the will of James E. Lonergan petitioned the Orphans' Court for a Declaratory Judgment for the reason that otherwise testatrix' surviving brother, *Philip,* who claimed to be the absolute owner of the principal of the estate, would appropriate and dissipate it.

That Court granted the petition and entered an appropriate decree in favor of the petitioner.

Philip E. Lonergan, individually and as Trustee under the will of Catherine A. O'Brien, took a joint appeal in this case although his interests were obviously not joint. Under our recognized practice we shall enter a *non pros* on the appeal of Philip E. Lonergan, as Trustee under the will, and dispose of the appeal on its merits as the appeal of Philip E. Lonergan in his individual capacity: *Hunlock Township School District v. Northwest Joint School District of Luzerne County,* 380 Pa. 464, 111 A. 2d 452; *Dublin Estate,* 375 Pa. 599, 101 A. 2d 731.

Although it is questionable whether a declaratory judgment will lie,* we shall, because of the unusual circumstances, decide the case on the merits.

It is hornbook law that a testator's intention must be ascertained from a consideration of the entire will; and that every clause and every word of a will must be construed together and given effect if that is reasonably possible; and that a clause will not be considered inconsistent or repugnant to other provisions of

---

* *Cf. Lifter Estate,* 377 Pa. 227, 103 A. 2d 670; *Eureka Casualty Company v. Henderson,* 371 Pa. 587, 92 A. 2d 551; *Sterrett's Estate,* 300 Pa. 116, 150 A. 159; *Keefer Estate,* 351 Pa. 343, 41 A. 2d 666; *Baldesberger v. Baldesberger,* 378 Pa. 113, 124, 105 A. 2d 713; *Capital Bank and Trust Company's Petition,* 336 Pa. 108, 111, 6 A. 2d 790; *McCandless Township v. Wylie,* 375 Pa. 378, 388, 100 A. 2d 590; *Kariher's Petition, (No. 1),* 284 Pa. 455, 471, 131 A. 265; *Reese v. Adamson,* 297 Pa. 13, 15, 146 A. 262.

the will if it can reasonably be construed in a manner consistent with the other provisions of the will: *Fisher Estate,* 355 Pa. 105, 49 A. 2d 376; *Britt Estate,* 369 Pa. 450, 87 A. 2d 243.

It is clear as crystal from the entire will and especially from four of the five paragraphs of the residuary trust estate that this testatrix gave to her trustee, namely, her brother, Philip, the sole and absolute discretion to pay to each of her three brothers and to her sister-in-law as much of the income and principal as the trustee in his sole discretion deemed necessary and advisable *for their respective support and maintenance.* One of the aforesaid five paragraphs of the residuary trust provisions empowered the trustee to transfer absolutely "to any one or more of testatrix's brothers at any time any part or all of the corpus of the trust property."

We are convinced that that paragraph was intended to enable the trustee to carry out the provisions for support and maintenance in the other paragraphs of this residuary trust,—namely, to give to each of her brothers and to her sister-in-law whatever corpus the trustee shall deem necessary and advisable for their respective maintenance and support,—and was not intended to empower the trustee to appropriate all of the corpus to himself unless it was necessary and advisable for his maintenance and support; nor did it make him, as he contends, the absolute owner of the trust property.

While it is rare that a will has a twin brother, were there any doubt as to the meaning of this will it would be resolved by our decision in *Lochrie's Estate,* 340 Pa. 145, 16 A. 2d 133. In that case testator gave a one-fourteenth share of his residuary estate to his wife in trust for his son, Neil, ". . . provided however that pay-

ment of either the income or principal of the said one-fourteenth interest to said Neil shall be at the absolute discretion of my said wife." Exactly the same contentions were made in that estate as were made in this estate. The share was claimed in that estate (1) by Neil's widow, and (2) by testator's wife. The Court held that the trustee did not acquire an absolute estate in the corpus, and that the widow of the life tenant had a vested interest in the balance of the corpus remaining in the trust at the death of the last beneficiary which, however, could not be determined until the latter's death. The Court said (pages 153-154): "The general rule is that if payment to a beneficiary is left to the absolute discretion of the trustee, the ownership of the fund is not in the beneficiary; this is so because the fund was not given to him; he could receive only what the trustee should think fit to give. As Neil's mother was vested with absolute discretion, Neil, in his lifetime, could not have compelled her to make any payment to him so long as she acted in good faith. Neil's widow, who can only claim through her husband, is therefore not entitled to share.

"On behalf of testator's widow, it is contended that, as her discretion to pay the income or principal to Neil was absolute, she was 'in substance the absolute owner,' notwithstanding the words of the trust. The contention must be rejected because the gift is not absolute in words and the court must, if possible, give effect to all his words; there is no statement anywhere in the will that this share was intended to go to her outright. . . ."

Decree affirmed. Costs to be paid by appellant.