Cooper, Appellant, *v.* Milikovsky.

Argued January 11, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and MUSMANNO, JJ.

*Lionel B. Gumnit,* with him *Marvin D. Weintraub,* for appellants.

*Isidore Baylson* and *Harry D. Gottlieb,* with them *Henry E. Skaroff,* for appellees.

OPINION PER CURIAM, March 21, 1955:

Decree affirmed on the opinion of Judge LEVIN-THAL, at appellants' cost.

———

DISSENTING OPINION BY MR. JUSTICE BELL:

Testatrix died in 1932. She provided in her will:

"Third. Property 3008 N. 7th Street, Philadelphia, I give and devise to my son Samuel Milikovsky and my daughter Reba Gold, with the furniture and fixtures therein, for life, to be used by them as a home and is not to be rented or sold. It is also understood that my husband Henry Milikovsky be allowed to occupy the property as long as he lives. Upon the death of both Samuel Milikovsky and Reba Gold the property is to be divided equally among all my grandchildren. At this time the property may be sold or disposed of as is seen fit.

"Fourth. Property 2915 N. Franklin Street, Philadelphia, I give and devise to my son Benny Milikovsky and my daughter Sophie Diamond, for life, to be used by them as a home and is not to be rented or sold. Upon the death of Benny Milikovsky and Sophie Diamond, the property is to be sold and divided equally among all my grandchildren."

Benny and Sophie abandoned said property in 1934 and contrary to their Mother's will, thereafter rented it.

Testatrix's grandchildren filed a petition for a declaratory judgment asking for an accounting of the rents from Benny and Sophie.

The lower court dismissed the petition holding (a) that the testamentary words "to be used by them as a home and is not to be rented or sold" were precatory and of no legal effect and (b) construed the will as

if it did not contain these words. The question in this case—assuming declaratory judgment proceedings are proper—is "what was the intention of the testatrix"? What did the testatrix intend to give to her children, taking into consideration *not one clause of one sentence* in the will, but all the pertinent language of testatrix's will?

The pole star in the interpretation of a will is the intent of the testator and that must be gathered from the language of his entire will: *McFadden Estate,* 381 Pa. 464, 112 A. 2d 148.

"Where a testator's intent is clear from the language of his entire will, technical rules or canons of construction are unnecessary; it is only where the intent is uncertain or the language ambiguous that such canons should be resorted to: [cases cited]", *Britt Estate,* 369 Pa. 450, 455, 87 A. 2d 243; *Dunlap Estate,* 381 Pa. 328, 112 A. 2d 349.

In my judgment, testatrix's intent is clear from the language of her *entire* will and, therefore, technical rules of construction should not be resorted to.

The lower court never considered the entire will, but believing that all the rest of the sentence was precatory, which obviously it was not, relied on the principle that where a life estate is first given it can be reduced only by words indicating such an intent. The true rule is found in *Chesnut v. Chesnut,* 300 Pa. 146, 152: ". . . We have repeatedly held that where the dominant purpose shown by a devise is to vest a fee, this estate cannot be stripped of its inherent attributes by subsequent words [merely] indicating an intent so to do: Pattin v. Scott, 270 Pa. 49, 51, and cases there cited: Long's Est., 270 Pa. 480, 485-6. On the other hand, we have probably as often held that, in finding the controlling intention, all the words used by testator should be taken into account, and, if the

intent to restrict the gift is clear, it must be given effect: Smith v. Piper, 231 Pa. 378, 384; Schuldt v. Reading Tr. Co., 270 Pa. 360, 364; Edwards v. Newland, 271 Pa. 1, 4." Moreover, under our decisions, no part of a will, no sentence in a will, no word in a will can be disregarded or rendered meaningless and nugatory if it can reasonably be given effect: *O'Brien Estate*, 381 Pa. 322, 112 A. 2d 178; *Fisher Estate*, 355 Pa. 105, 49 A. 2d 376; *Walker Estate*, 376 Pa. 16, 101 A. 2d 652.

We have absolutely no right to ignore or strike out or make meaningless, as the lower court does, the clear language of testatrix's will if it can reasonably be given effect. The lower court said that testatrix's son Benny and daughter Sophie could rent the house; testatrix said in the clearest possible language that they could not rent or sell the house—is that carrying out testatrix's intention? The effect of the lower court's decision is that the husband of testatrix could not occupy property 3008 N. 7th Street in spite of the fact that testatrix specifically said that her husband was to be allowed to occupy the property as long as he lives. In other words testatrix's children could figuratively throw their father into the street. Is that carrying out the intent of testatrix? The lower court frankly discards all the rest of testatrix's language after the words "for life", as if they had never been written, and makes meaningless and nugatory testatrix's clear language and intent.

Taking into consideration all the pertinent language of testatrix's will, her clear language and controlling intention was to give to her respectively named children a personal privilege to use the property in question as a home for their lives provided it was not rented or sold, and provided with respect to 3008 N. 7th Street that her husband be allowed to occupy that

property as long as he lived. This construction gives effect to every word in testatrix's will and carries out her clear language and controlling intention and therefore must be adopted without any resort to canons of construction, although if they are resorted to, they support our construction.

I would reverse the decree of the court below and reinstate appellants' petition.

Mr. Justice MUSMANNO joins in this dissenting opinion.