## Mike Estate

*Stewart P. McConnel,* for petitioner.

*Milton Selkovits,* for respondent.

REED, P. J., July 19, 1955.—Rose Mike, Josephine Awad (formerly Josephine Mike), William Mike and Louis Mike have presented a petition for a declaratory judgment. A citation issued against James Mike. The parties named are the widow and children of Tony Mike, deceased, and are all the persons having any possible interest in the matters in controversy.

" '. . . whether or not a court will take jurisdiction of a petition for a declaratory judgment or decree is purely a matter of judicial discretion . . ."the vital factor in the assumption of jurisdiction is the presence of antagonistic claims indicating imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will be a practical help in ending the controversy" . . .' ": Lifter Estate, 377 Pa. 227, 228.

We believe the facts here presented bring the dispute within the above stated rule and we, therefore, assume jurisdiction. The testimony has not been transcribed but from the petition and answer it appears that Tony Mike, husband of petitioner Rose Mike, and father of the other named parties, died January 5, 1949, having first made his last will and testament, dated December 16, 1948, and now of record in the Register of Wills Office of Beaver County in Will Book vol. 40, page 546. His estate has been administered and audited. All of the children are now of full age. The controversy between the parties arises out of the provisions of paragraph fourth of decedent's will which reads as follows:

"FOURTH: I give, bequeath and devise all my real estate to my children, JAMES MIKE, LOUIS MIKE, JOSEPHINE MIKE and WILLIAM MIKE in equal share, provided, however, that the income received therefrom shall be used for the maintenance of the said property,

support and maintenance of my wife, ROSE MIKE, *until* her death or remarriage, should she remarry, support and maintenance of my daughter, JOSEPHINE MIKE and my son, WILLIAM MIKE, until they reach the age of twenty-one (21) years, and the balance of the said net rental shall be placed in a fund of which my son JAMES MIKE shall be trustee for the benefit of all my children, JAMES MIKE, LOUIS MIKE, JOSEPHINE MIKE and WILLIAM MIKE."

The widow, Rose Mike, has not remarried and no real estate of decedent has been sold. For a period of time after Tony Mike's death Rose Mike collected the rentals, retained a portion thereof for herself and paid the balance to James Mike for distribution to the children. She has also continued to reside in one of the properties. For some time past, James Mike whether mistakenly as executor of decedent's will, or as supposed trustee, or voluntarily or by family agreement has been collecting the rentals and either making some repairs or causing them to be made. From the net rentals a sum of not less than $40 per month has been turned over to Rose Mike and the balance divided among the children. Rose Mike has and does by this action make demand for the right to collect, receive and have all of the rentals for her own use. We are of the opinion that she is entitled to so collect, receive and have all of the rentals. We interpret the fourth paragraph of decedent's will as vesting the title in all of decedent's real estate in the four children, subject only to the life estate in Rose Mike, which is determinable on her death or her possible remarriage. Since the two children who were minors at decedent's death are now of age the further conditional estate for them does not apply.

There is no right, duty or obligation on James Mike in any capacity to collect the rents and make repairs. Rose Mike is entitled to collect the rentals, reside in

the property or properties subject only to her legal obligation to preserve the properties in as good condition as they were at decedent's death, natural depreciation excepted. In other words, she must pay for necessary repairs and taxes and if she desires, protect her life interest by insurance. If there are net rentals she is entitled to all. For a general review of the rights, duties and obligations of a life tenant see Hunter's Pa. Orphans' Court Commonplace Book vol. 2, page 886, sec. 8, etc. See also Farber's Estate, 70 Pa. Superior Ct. 81. In the event Rose Mike becomes guilty of waste, jurisdiction to determine the rights of the parties, appointment of a sequestrator of rents, etc., would be in the common pleas courts. See Act of May 24, 1887, P. L. 188 (68 PS §231) and Mulhollem's Estate, 56 Pa. Superior Ct. 67.

Since petitioner, Rose Mike, has consented in the past to distribution of rentals and the same has apparently been made on a calendar year basis, we shall decree only that all rentals collected prior to January 1, 1955, and not distributed be accounted for and paid to Rose Mike and that all rentals for the calendar year 1955 and subsequent years be collected, received and paid to Rose Mike.

### Order

Now, July 19, 1955, petition for declaratory judgment in the above entitled matter having been presented to the court and the court having assumed jurisdiction, after due consideration thereof it is hereby ordered, adjudged and decreed

1. That Rose Mike has a life interest in all of the real estate of decedent, Tony Mike.

2. That Rose Mike as such life tenant is entitled to all rentals from said real estate, together with the right to collect, receive and have the same subject only to her duties and obligations as such life tenant to maintain said properties and pay the taxes assessed thereon.

3. That accounting shall be made to Rose Mike for all rentals collected prior to January 1, 1955 and not yet distributed.

4. That accounting shall be made to Rose Mike for all rentals collected for the calendar year 1955, and the same shall be paid over to Rose Mike.

5. That James Mike shall make proper accounting and pay over to Rose Mike all rentals collected by him as ordered in paragraphs 3 and 4 of this order of court.