## Presbyterian Church of Lewistown v. Ulsh

*Harry B. Thatcher*, for plaintiff.

*Houck & Barron*, for defendants.

SHEELY, P. J. (51st Judicial District, Specially Presiding), August 7, 1962.—According to the allegations of plaintiff's complaint in equity, Stella Reed Fleming, a resident of the Borough of Lewistown and a member of plaintiff church, died on February 2, 1958, leaving a will wherein, by paragraph eight thereof, she provided:

"I hereby give and bequeath to the First Presbyterian church of Lewistown Penna. the corner of third street and Brown Street the purpose of a home, for our older members of our church or other church activitys, to be kept in good repair, all taxes paid, if when they tire of there obligations in keeping the above obligations, it is to revert back to the following named, heirs, Fleming Wilson Ulsh, my nephew, Cousins, as follows Ezra Chalmer Doty, if not living to his daughter Jane Ann Doty, Miss Rebecca Doty, Mrs. Sarah Wilson Fleming, if She not living then to her Son Harry Davis Fleming, Grace Wilson, if not living, to her neice Gertrude Ann Pryce Beaty, wife of Dr. John L. Beaty now living in Omiha Nebraska."

It is alleged that although requested so to do by plaintiff, defendants, Ulsh and Doty, executors, have

wrongfully failed and refused to deliver possession of said real estate to plaintiff and have failed and refused to account to plaintiff for the rents, issues and profits realized by them therefrom, and that the other defendants have in the past and continue to participate with defendants, Ulsh and Doty, in a plan to deprive plaintiff of the use and benefit of said devise.

Plaintiff prays the court to compel defendants to deliver possession of the real estate to plaintiff; to compel defendants to account for the rents, issues and profits thereof; to enter judgment against defendants for such rents, issues and profits, or for the reasonable rental value of said property, whichever is greater, together with interest thereon; and for such other relief as may seem just and proper.

Defendants have filed preliminary objections to the complaint in the nature of a petition raising a question of jurisdiction; a motion to strike off the complaint; a demurrer; a petition raising the defense of nonjoinder of necessary parties; and the objection of the existence of an adequate remedy at law. The preliminary objections must be sustained on two grounds: lack of jurisdiction in the court of common pleas, and the existence of an adequate remedy at law.

Under section 301 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.301, it is provided that the orphans' court shall have exclusive jurisdiction of:

"(1) The administration and distribution of the real and personal property of decedents' estates . . .

"(6) The appointment, control, settlement of the accounts of, removal and discharge of . . . all fiduciaries of estates and trusts of which the court has jurisdiction . . .

"(11) The construction of an administrative power as to real estate proposed to be exercised by a fiduciary subject to the jurisdiction of the orphans' court."

Section 302 of the Act provides that "The orphans' court shall have concurrent jurisdiction of: (1) Title to Real Estate. The determination of the persons to whom the title to real estate of a decedent . . . has passed by devise or descent . . .; Provided, That nothing herein shall be construed to restrict the exclusive jurisdiction of the orphans' court to distribute real estate in an estate or trust within its jurisdiction." Defendants contend that under section 301 the orphans' court has exclusive jurisdiction of this controversy; plaintiff contends that under section 302 the court of common pleas has concurrent jurisdiction.

There is no allegation in the complaint that the estate of testatrix has been settled and distribution thereof awarded. We may assume that this has not been done. The action, therefore, is actually an action against the executors to compel them to perform their duties as executors; the allegation is that the other defendants are participating in a plan with them to deprive plaintiff of the use and benefit of the devise.

Under section 104 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.104, it is provided that: "Legal title to all real estate of a decedent shall pass at his death to his heirs or devisees, subject, however, to all the powers granted to the personal representative by this act and lawfully by the will and to all orders of the court." This section, however, applies only to the "legal title." Under section 501, 20 PS §320.501, it is provided that: "A personal representative shall have the right to *and shall take possession of*, maintain and administer all the real and personal estate of the decedent, except real estate occupied by an heir or devisee. He shall collect the rents and income from each asset in his possession *until it is sold or distributed*, and, during the administration of the estate, shall have the right to maintain any action with respect to it and

shall make all reasonable expenditures necessary to preserve it . . ."

In the comment of the Commission in connection with this section it is stated that it is ". . . based on the premise that the personal representative except as stated should have the duty as well as the right to control real estate until it is sold or distributed by decree or until control is relinquished to the heir or devisee because it is not needed for administration . . . During administration the personal representative will have the same powers over real estate as he has over personal property except as the Act makes express provisions to the contrary."

The real estate in question was not occupied by the devisee and the executors, therefore, properly took possession of it and it became their duty to collect the rents and income until the property was sold or distributed. It also became their duty to include the real estate in question, along with all other real estate of decedent within the Commonwealth, in their inventory and their account, and to see that the title of the devisee was confirmed by a decree of distribution: Brown v. Bailey, 2 Fiduc. Rep. 342; Brooks Estate, 2 Fiduc. Rep. 57, 62; Anderson Estate, 77 D. & C. 74. And since they were charged with the duty of collecting the rents and income of the real estate they are also under the duty of accounting for such rents and income: section 701 of the Fiduciaries Act.

In 2 Partridge-Remick, Pennsylvania Orphans' Court Practice, §15.02, p. 201, it is stated: "The powers and duties of a personal representative with respect to decedent's real estate continue until the discharge of the personal representative . . . .; until the sale thereof . . . .; or until the distribution thereof, either at his own risk, under Section 732, or pursuant to an award thereof by the court, under Sections 733 and/or 734 of the Act of 1949."

It is clear, therefore, that the whole subject matter of the present controversy comes within the exclusive jurisdiction of the orphans' court over the administration and distribution of the real and personal property of decedents' estates and over the settlement of the accounts of executors. It necessarily follows that the court of common pleas, sitting in equity, cannot step in and determine the distribution of the real estate or settle the accounts of the executors with relation thereto. The case comes within the exception to section 302 of the Orphans' Court Act, supra, relied upon by plaintiff, that nothing therein should be construed to restrict the exclusive jurisdiction of the orphans' court to distribute real estate in an estate or trust within its jurisdiction.

What has been said demonstrates not only that the orphans' court has exclusive jurisdiction of this matter but also demonstrates that plaintiff has an adequate remedy at law. In addition to its right to cite the executors to file their account and proposed schedule of distribution, section 735 of the Fiduciaries Act of 1949, 20 PS §320.735, provides that: "Upon application of any party in interest . . . the court may order the personal representative to deliver to any distributee possession of any real estate to which he is entitled . . ." Under the Comment to this section it is stated, inter alia: "It will also be possible for a distributee to force a personal representative to make early distribution to him."

Plaintiff contends in its brief that it is not fully informed as to the present state of affairs with respect to the real estate and suggests that the real estate may have been transferred to other parties. But, the executors have no authority to transfer specifically devised real estate to any one and they may distribute such real estate only to the devisee as determined by the court. It also suggests that unless it is permitted

to proceed in equity it may be required to resort to a multiplicity of suits to obtain possession of the real estate and the accounting. Section 304 of the Orphans' Court Act, 20 PS §2080.304, provides that: "The orphans' court shall have all legal and equitable powers required for or incidental to the exercise of its jurisdiction."

Plaintiff relies upon the case of Cooper v. Diamond, 1 D. & C. 2d 593, affirmed by the Supreme Court, sub nomine Cooper v. Milikovsky, 382 Pa. 30. That case, however, is not in point. In that case, testatrix devised a house and lot to her son and daughter for life and provided they should use it as a home and not to sell or rent it, and upon their death, the property was to pass to the testatrix' grandchildren. The son and daughter did not use the house as a home and did rent it. The grandchildren then brought an action for a declaratory judgment in the court of common pleas seeking a decree of forfeiture of the life estate and an accounting for rents. In that case, the real estate had been awarded by the orphans' court to the son and daughter, and the action was not against the executor but against the devisee. The situation presented there would be similar to the present case if the real estate were awarded to plaintiff and defendants thereafter sought a decree of forfeiture because plaintiff did not carry out the requirements of the devise.

Having concluded that the court of common pleas is without jurisdiction in this matter we need not pass upon the other preliminary objections. It might be appropriate, however, to remark that in their demurrer defendants take the position that the devise in question imposes a condition precedent upon plaintiff church to accept the provisions of the devise and to agree to carry out the purposes required by testatrix before it can maintain an action to secure possession of the real estate. An examination of paragraph 8 of the will, how-

ever, discloses no such condition precedent and, even if there were a condition precedent, the bringing of the action would be a sufficient compliance.

It is difficult at this point to determine whether the executors are acting as executors or as interested parties. It is sufficient to say that if, as executors, they had filed their account and proposed schedule of distribution as required by the Fiduciaries Act, all questions involved in this litigation would have been determined by the orphans' court and the present action would have been unnecessary.

And now, August 7, 1962, the preliminary objections are sustained and the complaint is dismissed without prejudice.