**Pick v. Boop**

*Carl Rice, of Rice, Rice & Boop,* for plaintiffs.
*Raymond J. Lobos,* of *Groover & Lobos,* for defendant.

WILSON, *P.J.,* February 13, 1976—John A. Pick departed this life testate June 28, 1971. By the terms of his will and codicil, he devised a house and lot situate in the village of Glen Iron, Pa. to defendant for life, and upon her death to plaintiff, George Warren Pick and Harry I. Pick. The will provided inter alia that the life tenant was, ". . . to

keep the premises insured with fire and extended coverage and public liability insurance . . . ." The dwelling was consumed by fire October 16, 1972, and the Insurance Company of North America paid the sum of $11,591.95 to defendant in full settlement of the loss.

Plaintiff, executor and a remainderman under the will, brings this action in equity against defendant, life tenant, requesting the court to have defendant declared a trustee for the remaindermen of the proceeds of a settlement received by defendant as beneficiary on a fire insurance policy with the Insurance Company of North America, to have defendant pay that amount of the proceeds received from the Insurance Company of North America representing remaindermen's interest to them, to decree the life estate of defendant terminated and to order defendant to deliver the possession of the subject matter of the life estate to the remainderman, and to grant whatever other relief the court deems necessary.

Defendant filed an answer to the complaint and in addition answered certain interrogatories compounded by the plaintiff. Plaintiff now petitions the court for summary judgment based upon the pleadings and interrogatories filed in the action.

In argument, defendant challenges the jurisdiction of the equity court. Defendant suggests that the action should be in Orphans' Court or in assumpsit in Common Pleas, as an adequate remedy lies in these courts. It would appear as though there is little to support this action in equity. Because of the uniqueness of land a court of equity has always had jurisdiction to decide many questions concerning the rights to real property: Williams v. Bridy, 391 Pa. 1, 136 A.2d 832 (1957);

Hunter v. McKlveen, 353 Pa. 357, 45 A.2d 222 (1946). However the rights of the parties as owners of real property in this case are clear. Plaintiff is clearly a vested remainderman and has certain fixed legal rights as such. Defendant is clearly a life tenant with fixed legal rights as such. Plaintiff's request for relief concerning the rights of the life tenant and remaindermen, i.e., possession, and the right to insurance proceeds, can adequately be determined by Common Pleas or Orphans' Court.

It is further true that equity has jurisdiction in cases where fraud is alleged: Tibbens v. Burrell, 46 Pa. Superior Ct. 466 (1911); New York Life Ins. Co. v. Brandwene, 316 Pa. 218, 172 Atl. 669 (1934); Teacher v. Kijurina, 365 Pa. 480, 76 A.2d 197 (1950); Act of June 13, 1840, P.L. 666, 17 P.S. §286. Although plaintiff in paragraph fifteen of the complaint alludes to fraud, he does not allege it. The equity court therefore could not assume jurisdiction based on the allegations of this paragraph of the complaint.

However, plaintiff does allege sufficient facts in support of the proposition that defendant should be made trustee of the fire insurance proceeds for the benefit of the remaindermen. Equity has jurisdiction in cases involving trusts whether express or implied, resulting or constructive: Keystone Coal Co.'s Trustee, 225 Pa. 243, 74 Atl. 64 (1909); Epstein v. Ratkosky, 283 Pa. 168, 129 A. 53 (1925); Alpern v. Coe, 352 Pa. 208, 42 A.2d 542 (1945); Act of June 16, 1836, P.L. 784, 17 P.S. §281, 282; Act of February 14, 1857, P.L. 39, 17 P.S. §283. Further, it is to be noted that the jurisdiction as established for the Orphans' Court Division by the Act of the Legislature dated June 30, 1972, P.L.

508 (No. 164), §2, as amended, 20 Pa. C.S.A. §711, does not include jurisdiction over resulting trusts. See Hughes v. Bailey, 202 Pa. Superior Ct. 263, 195 A.2d 281 (1963); Smith Estate, 32 D. & C. 2d 747, 14 Fiduc. Rep. 11 (1963). The same Act, 20 Pa. C.S.A. §712, provides joint jurisdiction with Common Pleas in respect to matters involving the determination of the rights of title to real estate passed by devise or descent. See also Cooper v. Diamond, 1 D. & C. 2d 593 (1954); Cooper v. Milikovsky, 382 Pa. 30, 112 A.2d 616 (1955). The court concludes that equity has jurisdiction over the action as no proceedings have been alleged to have been brought in Common Pleas prior to this suit.

In order for plaintiff to prevail on a motion for summary judgment, it must be manifestly clear that there is an absence of any genuine issue of a material fact in the case: Pa. R.C.P. 1035(b), 42 Pa.C.S.A. 1035(b). Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A.2d 841 (1968); Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A.2d 452 (1973). All doubt must be resolved against the plaintiff: Michigan Bank v. Steensen, 211 Pa. Superior Ct. 405, 236 A.2d 565 (1967); Granthum v. Textile Machine Works, 230 Pa. Superior Ct. 199, 326 A.2d 449 (1974).

Plaintiff seeks summary judgment against defendant in the termination of defendant's life estate, thereby placing the property in the possession of the remaindermen. A life estate terminates when: the life tenant dies, Appeal of Reiff, 124 Pa. 145, 16 Atl. 636 (1889); the life tenant renounces his estate, Feeney's Estate, 293 Pa. 273, 142 Atl. 284 (1928); the life tenant commits waste, Williard v. Williard, 56 Pa. 116 (1868); the life tenant breaches

a condition of the estate, Bell v. Fulton, 1 Sadler 200, 1 Atl. 579 (1885). No such event has been alleged by plaintiff. Thus, plaintiff's motion to terminate defendant's life estate is denied.

Plaintiff also seeks summary judgment against defendant, requesting the court declare defendant trustee of that amount of the proceeds received from the fire loss in the amount of $11,591.95 that represents the remaindermen's interest. This would be consistent with the decision held in the case of Welsh v. London Assurance Corp., 151 Pa. 607, 25 Atl. 142 (1892). For the court to enter such an order, the court would have to be convinced the record discloses that it is manifestly clear that defendant insured the real estate with the intent to protect her interest in the property, as well as the interest of the remaindermen. Both the remaindermen and the life tenant have an insurable interest. Louden v. Waddle, 98 Pa. 242 (1881); Farber's Estate, 70 Pa. Superior Ct. 81; Gorman's Estate, 321 Pa. 292, 184 Atl. 86 (1936).

Defendant's answers to plaintiff's interrogatories are not too helpful in disclosing the intent of defendant at the time she had the fire insurance policy continued in her name. She responded that when she notified the insurance agent to continue the policy in her name, she wanted "coverage on the property which would be necessary to properly protect my belongings as well as the house and its contents." (Answer to interrogatory twelve. However, when this response is considered with the provisions of the will, it would appear the intent to insure both the interests of the life tenant and remaindermen is more consistent with a conclusion that she in fact insured both her interest as well as the remaindermen's, than to conclude that she insured her

interest only. The provisions of the will of John A. Pick required defendant to keep the premises insured with fire and extended coverage and public liability insurance. The will is a short and precise writing and contains nothing further in its content that bears on this requirement. It thus can have only one meaning. Defendant was not required to insure only her life estate. The requirement was to insure the premises, not only with fire insurance, but with extended coverage and public liability. She had to insure both interests.

Thus there is no substantial conflict in the record. There is no substantial conflict between the two cases of Welsh v. London Assurance Corp., supra, and Gorman's Estate, supra. See 126 A.L.R. 347, 348. Both cases hold that if the intent of the person acquiring the insurance can be determined that intent prevails. The life tenant can cover the life estate only, or the interest both of the life tenant as well as the remainderman. Where, however, the life estate is created by will, the will requires the life tenant to maintain fire insurance on the property; and the property is destroyed by fire; the proceeds should be used to rebuild the property, or placed on interest. If placed on interest, the earnings should be paid to the life tenant during the tenant's life, and at the tenant's death the proceeds should be paid to the remainderman: Green v. Green, 50 S. C. 514, 27 S.E. 952 (1897). See 51 Am. Jur. 2d, Life Tenants and Remaindermen §158 (1970). If this has not been effected certainly the life tenant holds the proceeds as trustee for the remaindermen to the extent of their interests therein: Welsh v. London Assurance Corp., supra.

The function of the court is to not decide issues of fact, but to determine whether issues of fact exist to be tried: McFadden v. American Oil Co.,

215 Pa. Superior Ct. 44, 257 A.2d 283 (1969); McKenna v., Art Pearl Works, Inc., 225 Pa. Superior Ct. 362, 310 A.2d 677 (1973). Convinced that there is no issue of fact to be tried, as the court considers the pleadings and the answers to the interrogatories to disclose defendant's intent to insure the real estate of the late John A. Pick for both the life tenant and remaindermen, we enter the following:

### ORDER

And now, February 13, 1976, plaintiff's motion for summary judgment terminating defendant's life estate is denied; plaintiff's motion for summary judgment decreeing defendant trustee of the proceeds received from the Insurance Company of North America is granted, and it is hereby ordered and decreed that defendant, Bertha Mae Boop, is trustee of that portion of the proceeds received from the Insurance Company of North America in settlement of the fire loss on the dwelling of the late John A. Pick, to the amount thereof which represents the remaindermen's interest therein, for said remaindermen as are named in the last will and testament of John A. Pick.